NASSOS et al. v. DUKE et al.　(No. 1965.)

(Court of Civil Appeals of Texas. Amarillo.
May 10, 1922. Rehearing Denied
June 7, 1922.)

1. Evidence ⚹568(7)—Question of measure of damages held for court, although opinion evidence of plaintiff uncontradicted.

In a suit for damages for breach of a contract providing that defendants upon sale of restaurant business would not engage in same business in adjoining building, where plaintiff claimed that the true measure of damages was the depreciation in the market value of the business purchased by them caused by the competition of the restaurant of the defendants, and that the only evidence as to such depreciation was that of plaintiff, and that the court did not apply such measure of damages, held that, if the court adopted plaintiff's contention as to the measure of damages, it was not bound to accept absolutely the opinion evidence of plaintiff as to the matter.

2. Appeal and error ⚹877(2) — One cannot complain when given all relief sought.

Where damages for plaintiff according to the judgment of the trial court were satisfied by the cancellation of notes held against plaintiff by one of the defendants, and none of the parties complained, except the plaintiffs, of the assessment of all the damages against one of the defendants, the plaintiffs are in no position to complain that some one else has not shared their payment with the defendant, when defendant does not himself complain.

3. Appeal and error ⚹169, 719(1), 742(1)—No review of error not assigned or presented in court below unless fundamental.

Contentions not raised by any assignment or proposition or that do not appear to have been presented to the lower court will not be reviewed unless they are fundamental.

4. Partnership ⚹146(2)—Partners held jointly liable on notes for partnership property signed in individual name of member.

Where a partner in executing notes for a restaurant business bought by him and his copartners signed his individual name as the name of the partnership with the intention that the partnership should be bound thereby, a judgment on the notes against all the partners as jointly liable thereon is proper.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by Pete Nassos and others against N. I. Duke and others. From the judgment, plaintiffs appeal. Affirmed.

Weeks, Morrow & Francis, of Wichita Falls, for appellants.

P. B. Cox and Chas. W. Keirsey, both of Wichita Falls, for appellees.

BOYCE, J. Pete Nassos, Tom Zikas, Steve Pullman, Demeterios Caulfaliotis, and Seraphim Gioldasis, who will be hereinafter referred to as Nassos & Co., brought this suit against N. I. Duke and Paul and John Snirmeos, who will be later called N. I. Duke & Co., and Charles Veros, to enjoin the maintenance of a restaurant business in a building at 507 Eighth street, in the city of Wichita Falls, and for damages caused by the conduct of such business at such place. The basis of the cause of action generally stated was that Nassos & Co. had bought a restaurant business of Duke & Co., located at 509 Eighth street, and that Duke & Co. as part of the consideration for said sale agreed not to allow a similar business to be conducted at 507 Eighth street. The plaintiffs alleged that John Snirmeos and Charles Veros, after the agreement aforesaid, and in violation thereof, began running a restaurant business at said 507 Eighth street, to plaintiff's great damage. Charles Veros denied that he was in any way a party to the agreement. The defendants John and Paul Snirmeos denied the execution by them or any one acting with authority from them of any agreement prohibiting the maintenance of a restaurant business at 507 Eighth street, and alleged that, if N. I. Duke made such an agreement, it was without their authority. John Snirmeos, by way of cross-action, asked judgment against plaintiffs on three notes given by plaintiffs in part consideration for the sale of the business at 509 Eighth street.

A trial was had before the district judge, who found that N. I. Duke made the agreement alleged by plaintiff and was personally bound thereby, but that he had no authority to bind the other members of the partnership of N. I. Duke & Co.; that this agreement had been violated, and the plaintiffs were damaged in the sum of "three notes (each for the principal sum of $1,000) and interest thereon" executed by plaintiffs, payable to N. I. Duke & Co., and held by N. I. Duke. These notes, together with three other notes, for $1,000 each, held by John Snirmeos, represented the remaining unpaid purchase price of the restaurant purchased by plaintiffs. The judgment was that the three notes held by N. I. Duke, which had been produced in court, be canceled in satisfaction of plaintiffs' damages, and that John Snirmeos recover of the plaintiffs the amount due on the three notes held by him. Nassos & Co. have appealed from this judgment, basing their specific propositions on two general grounds asserting error: (1) In the finding that all the members of the firm of N. I. Duke & Co. were not bound by the agreement providing against the maintenance of a restaurant business at 507 Eighth street; (2) in the assessment of the amount of damages, it being claimed that these are inadequate under the evidence.

The defendants N. I. Duke, John and Paul Snirmeos, and George Burras (who is not

joined in the suit because he was a nonresident) were, prior to December 30, 1919, conducting a restaurant business as partners at 509 Eighth street, in the city of Wichita Falls. They had a lease on the building in which the business was run for a term ending January 1, 1925, paying a rental of $400 monthly in advance. All the members of the firm had authorized N. I. Duke to sell such business, including in the sale a transfer of the lease on the building. On December 30, 1919, this business was sold to Nassos & Co. N. I. Duke conducted the negotiations, though all of the parties signed the bill of sale which conveyed the personal property. This bill of sale contained an agreement to transfer the lease on the building. N. I. Duke alone executed the following transfer, indorsed on the lease contract:

"For and in consideration of the sum of $1,-250.00 to be paid N. I. Duke & Co. January 1, 1920, by Pete Nassos & Co., this lease is this day transferred and assigned to Pete Nassos & Co. They assume all obligations of the above lease and become sublessors of N. I. Duke & Co. and faithfully guarantee all of the conditions in the within lease. It is distinctly agreed and understood by N. I. Duke & Co. will not use the joining building, which lease is held by N. I. Duke and Charles Veros,' the joining building known as 507 Eighth street, as a restaurant.      [Signed]   N. I. Duke."

The total consideration paid N. I. Duke & Co. by Nassos & Co. was $21,000. At the time of the trial N. I. Duke and John Snirmeos each held three notes for $1,000 each, executed by Pete Nassos, and being the balance of the $21,000 then remaining unpaid. The evidence sustains the finding of the trial court that Duke's partners knew nothing of the agreement prohibiting the conduct of a restaurant business at 507 Eighth street, though the evidence as to such matter is conflicting. None of the members of the firm of N. I. Duke & Co., except N. I. Duke, had any interest in the lease on the building at No. 507 Eighth street; this lease being owned, as stated in the transfer, by N. I. Duke and Charles Veros. In May, 1920, Charles Veros began conducting a restaurant business in said building. The location of these restaurants was desirable for securing the transient trade, and it was plaintiffs' contention that the opening of the business at 507 Eighth street greatly reduced their business. Plaintiffs' books showed that the receipts of their business were in March, 1920, $14,313.-60; in April, $13,671.60; in May, $13,311.90; in June, $8,755.45; in July, $8,134.76; in August, $8,464.05; in September, $7,694.85; in October, $8,509.10; in November, $7,769.-85; in December, $7,478.38. It was their contention that this decrease in business was caused by the competition at No. 507 Eighth street. They offered evidence to show that about 45 per cent. of this decrease in the business would have been profits. The plain-

tiff Nassos testified that the difference in value of the business at 509 Eighth street with and without the competitive business at 507 Eighth street was from $15,000 to $16,000. The defendants offered evidence to the effect that there was another restaurant between plaintiffs' business and the depot; that there was a marked falling off in business of all kinds at Wichita Falls about the time that plaintiffs' business showed such a radical decline; that the business of all other restaurants in the city fell off during such time from 50 to 75 per cent.; and that the restaurant at No. 507 catered to a different class of patronage from that which plaintiffs had and would have little effect on plaintiffs' business. The trial judge announced this conclusion as to the damages:

"I find that the plaintiffs have been damaged by reason of the restaurant being put in at 507 Eighth street by Charles Veros in the sum of the three notes and interest due thereon as held by N. I. Duke, one of the defendants herein, and that the plaintiffs are entitled to have said notes canceled in settlement of said damage. In connection with the damages herein found I find that during the spring and summer of 1920 there was a general depreciation in the restaurant business in the city of Wichita Falls, and that plaintiffs' business was affected by the general conditions in the falling off of transient business and travel and the opening of other restaurant business and the general decline of patronage from the public of restaurants in general, all of which was not caused by the defendant putting in the restaurant adjoining plaintiffs' business, but due to the general conditions, which matters have been taken into consideration in fixing the amount of damages."

[1] We will consider the question as to the finding of the amount of damages first, as our conclusion as to such matter will dispose of the question of Duke's authority to bind the other members of the partnership by the agreement sued on. It is insisted by appellants that the true measure of damages is the depreciation in the market value of the business purchased by plaintiffs caused by the competition of a restaurant in the adjoining building at No. 507, and that the only evidence as to such depreciation was that of plaintiff Nassos, who placed it at from $15,000 to $16,000, and that it is evident that the court did not apply such measure of damages. The court's findings do not disclose what rule he followed in assessing the damages. If the court adopted plaintiff's present contention as to the measure of damages, he was not bound to accept absolutely the opinion evidence of the plaintiff Nassos as to such matter. Buchanan v. Bowles (Tex. Civ. App.) 218 S. W. 652, and authorities. The other evidence tended to show that the loss in business which evidently formed the basis of this opinion was due very largely to other conditions, independent of the

opening up of another business at No. 507. The. evidence was conflicting, and it was the province of the trial court to weigh all the evidence and determine its proper effect in assessing the damage. We think the evidence is sufficient to sustain the finding of the trial court, whatever might be the proper measure of damages.

[2] If this conclusion be correct, it is unnecessary to determine the question as to whether any one but N. I. Duke would be bound to pay the plaintiffs' damages. These damages, according to the judgment of the trial court, were satisfied by cancellation of the notes held by N. I. Duke. This was in accordance with plaintiffs' prayer. None of the parties complained, except the plaintiffs, of this assessment of all of the damages against N. I. Duke. If plaintiffs are paid the full amount of their damages, they are in no position to complain that some one else has not shared their payment with N. I. Duke, when Duke himself does not make such complaint. Royal Neighbors of America v. Fletcher (Tex. Civ. App.) 230 S. W. 480 (7–10).

The bill of sale executed by Duke & Co. conveyed the business to Pete Nassos. The notes for the unpaid purchase price were signed by Pete Nassos. The effect of the plaintiffs' allegations is that they bought the business, and that they executed the notes and the contract, and the notes are treated in their petition as being. partnership contracts and obligations. John Snirmeos, in his cross-action, alleges the execution of the notes by Pete Nassos, and, alleging that it appeared from plaintiffs' petition that all the plaintiffs were jointly liable on the notes, prayed for a judgment against them all. Pete Nassos testified that it was the intention that all the plaintiffs should be jointly liable on the notes, and another one of the plaintiffs testified that "Pete signed these notes for all of us. We are jointly liable." The court rendered judgment on the notes against all the plaintiffs.

[3, 4] Appellants now claim that no judgment could have been rendered on the notes against any one but Pete Nassos. This contention is not raised by any assignment or proposition, and does not appear to have been presented to the lower court, so that it can only be considered as fundamental error, if at all. We have considered it, and are of the opinion that the pleading and the evidence are sufficient to support this feature of the judgment on the theory that it appears that the name of Pete Nassos was used as the name of the partnership in the execution of these contracts, with the intention that the partnership should be bound thereby. We discussed the law .in reference to a question of this character at some length in the case of J. S. Bolan v. J. R. Wrather, 239 S. W. 279, recently decided, and need not add anything to what was there said.

We think the judgment of the trial court should be affirmed.