### HUTCHISON v. FIRST NAT. BANK OF BOWIE.

No. 12908.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 13, 1933.

Rehearing Denied Jan. 20, 1934.

Donald & Donald, of Bowie, for appellant.

T. B. Coffield and J. W. Chancellor, both of Bowie, for appellee.

### LATTIMORE, Justice.

Appellee sued Lee Bailey and C. C. Hutchison, appellant, on notes alleging that the defendants "were partners, doing business under the name of Lee Bailey," "on, prior and subsequent to August 12, 1930"; that on August 12, 1930, "the defendants Lee Bailey and C. C. Hutchison, acting by and through the defendant Lee Bailey executed" their notes and a mortgage securing same, but did not otherwise allege the signature. The notes bore on same, as maker, the name "Lee Bailey." The jury, in a verdict on special issues, found that such partnership existed, doing business under the name of "Lee Bailey"; that the notes were given as a partnership obligation; that the money was loaned upon the partnership credit; and that the same was used in the partnership enterprise. Hutchison alone appeals.

Article 5932, § 18, Rev. Statutes, provides that where a signature to a negotiable instrument is a trade-name the parties operating under such name may be held thereto. That the trade-name is the true name of one of the partners does not remove the case from the statute.

The petition nowhere in so many words puts the appellant on notice of an intention to hold him liable on the notes as a partner by virtue of a partnership trade-name signature, though the petition opens with a recital of the existence of the partnership on the day the note was executed. We therefore cannot penalize appellant for not excepting for want of such allegation. We may assume that he understood the appellee would seek to prove that appellant, acting through Bailey, had executed the notes, but not necessarily that such execution arose from a partnership relation. As far as we are concerned, the evidence establishing such liability came in without exception. True, an assignment of error recites such objection and refers to the motion for new trial. The motion for new trial says that the proceedings are shown in "Bill of Exception No. 2." No bill of exceptions appears in the transcript. This court is not required to search a voluminous Q. and A. statement of facts, page by page and line by line, to see if such objection was made. If objection had been made and sustained, the appellee could have protected itself on pleading, or, if overruled, the appellant likewise could ask for time to meet any surprise occasioned thereby. However, we note that defendant's pleading alleged that the note was signed alone by Lee Bailey and that plaintiff's pleading sought to hold appellant as a partner of Lee Bailey in said transaction. It is thus apparent that appellant fully understood the cause of action which appellee thought it had against appellant, and that appellant and the trial court placed the same interpretation upon the petition. We also note that appellant's pleadings were in the order of their presentation: (1) In abatement; (2) special exception (not directed to the errors here assigned); (3) in confession and avoidance; (4) want of consideration; (5) general denial. The effect of thus pleading general denial out of due order of pleading was as if same had not been filed. There was no sworn plea of non est factum.

The evidence in the record does substantiate the pleading that Lee Bailey and C. C. Hutchison, acting through Lee Bailey, did execute the notes sued on.

The judgment is affirmed.