GRAYSON v. CATE.

No. 13378.

Court of Civil Appeals of Texas. Fort Worth.

May 8, 1936.

Rehearing Denied June 5, 1936.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellant.

George C. Kemble, of Fort Worth, for appellee.

SPEER, Justice.

This is an appeal by Sam Grayson, Sr., from a judgment overruling a plea of privilege rendered in the county court at law No. 2 of Tarrant county, Tex. The plaintiff, Henry H. Cate, trustee, instituted suit against United Sales Company, alleging it to be a copartnership composed of A. G. Reville and Sam Grayson, Sr., praying for judgment for debt against the partnership and the individual members thereof, jointly and severally. For convenience, we shall refer to the parties as far as possible as they appeared in the trial court.

The defendants were residents of Tom Green county, Tex. The plaintiff alleged he was the owner of a certain $420 note executed by United Sales Company, by A. G. Reville, and that at the date of the execution of the note the individuals named constituted a copartnership; that the note provided upon its face that it was pay-able in Tarrant county, Tex., the petition concluding with the prayer for joint and several judgment against all.

Defendant Sam Grayson, Sr., filed his plea of privilege to be sued in Tom Green county, and the plaintiff within proper time filed a controverting affidavit thereto. Promptly thereafter defendant Grayson filed a general demurrer to the sufficiency of the controverting affidavit, followed by special answer to the controverting affidavit denying the partnership, subject to the demurrer.

With the issue thus made, the plea was set down for hearing, and the court heard evidence introduced by both parties and rendered his judgment overruling the plea, to which action the defendant Grayson excepted, gave notice of appeal, and has filed fifteen assignments of error. However, he frankly states they present only three questions for determination by this court. We think they could be properly classified in two, they being: First, was the controverting affidavit filed by plaintiff sufficient and did the court err in not sustaining the general demurrer to it? Second, since the note sued on does not bear the signature of Sam Grayson, Sr., and neither he nor A. G. Reville being residents of Tarrant county, Tex., could he be held liable on the note and was he a necessary party to the suit, even though the testimony was sufficient to raise the issue of partnership?

We shall discuss the questions in the order named.

To determine if the controverting affidavit was sufficient as against a general demurrer, we here quote the charging parts thereof:

"Plaintiff has filed herein a petition alleging that he is owner of a note executed by United Sales Company, of which A. G. Reville and Sam Grayson, Sr., are partners, and that said note provided for its payment in the City of Fort Worth, Tarrant County, Texas, and that the same was a contract in writing to perform an obligation in Tarrant County, Texas, and that such allegations are true and correct. This court has venue of this suit under and by virtue of subdivision 5, of article 1995, Revised Statutes of 1925 of the State of Texas.

"Plaintiff would further show herein that the said note was executed for the

United Sales Company by A. G. Reville, one of the partners in such partnership, and said note was payable to plaintiff in Fort Worth, Tarrant County, Texas, and such allegations are true and correct, and under and by virtue of article 1995, subd. 5, said cause is maintainable against the said partnership and the said A. G. Reville, and that said obligation is a partnership obligation of the said Sam Grayson, Sr., and A. G. Reville and that the said Sam Grayson, Sr., is a necessary party to this suit. Therefore, under and by virtue of section 29a of article 1995 [Vernon's Ann. Civ.St.], this court has venue of this suit."

Article 1995, Revised Civil Statutes, in so far as it affects this question, reads:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"5. If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

"29a. Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

■ It will be observed by the wording of the controverting affidavit no effort was made to specifically make the petition a part of the replication except that it does state he had filed a petition. The controverting affidavit does set out the material matters to show venue in Tarrant county, that is, that he is the owner of the note sued on; that it was executed by United Sales Company, a copartnership composed of A. G. Reville and Sam Grayson, Sr., and that the note provided for payment in the city of Fort Worth, Tarrant county, Tex., and that it was a contract in writing to perform an obligation in Tarrant county, Tex.; that he had so alleged said facts in his petition and that they were true and correct. He follows this with an allegation that the court has venue of this suit by virtue of subdivision 5, article 1995, Revised Civil Statutes of Texas.

We do not consider it necessary to determine whether or not the allegations in the controverting affidavit are sufficient to make plaintiff's petition a part of the replication, nor do we determine that question. But we do believe, and so hold, that the controverting plea, independent and alone, is sufficient as against the demurrer urged.

■ We do not understand the rule in such cases as this to be that the controverting affidavit shall contain sufficient allegations to entitle the plaintiff to recover in the case on its merits. Venue in this case was claimed, in so far as the demurrer is concerned, upon the ground (a) that the defendant had promised in writing to pay in Tarrant county, and (b) he being a member of the copartnership of United Sales Company, which company had promised in writing to pay in Tarrant county, Tex., even though his name did not appear on the obligation, was a necessary party to the suit which sought a joint and several judgment against all. All the allegation that was necessary to be made in the controverting plea was one to show the obligation, its ownership in plaintiff, the promise to pay in the county where venue is sought to be established, and the liability of defendant. All of this was shown in plaintiff's controverting affidavit. This rule would not hold good in all cases if venue depended upon other exceptions to the general rule. Let us suppose that, incidentally to judgment sought on a money demand, one should allege a right to have a lien foreclosed or seek some other relief dependent upon first procuring a judgment for debt. Could it be said that all of these ancillary matters should be pleaded in a controverting affidavit in a case such as we have under consideration? We think not. Naturally one would allege, in a petition seeking judgment on a note, its maturity, a failure to pay, or some other breach of the obligation; but it does not thereby follow that this should be shown in a controverting affidavit to a plea of privilege.

■ Certainly a plea of privilege and controverting affidavit are incidental to the filing of an original suit seeking affirmative relief. But, for purposes of venue, the controverting affidavit becomes the plaintiff's replication to the defendant's

plea of privilege, making only the issue of venue to be determined by the court.

Article 2007, R.C.S., provides the authority and means of controverting a plea of privilege, in that, "if the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." By reference to the controverting plea hereinabove shown, it will appear the plaintiff did specify the facts relied upon to confer venue in this case. The liability of the defendant in the main suit is not an issue in such cases; hence it would be useless for the controverting affidavit to contain anything tending to raise an issue and require proof to overcome special defenses to plaintiff's cause of action. A very essential element entering into most cases on contracts is whether or not the defendant had breached his contract; our courts have held specifically that such an allegation is unnecessary in the controverting affidavit to a plea of privilege.

We consider the case of Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.(2d) 675, 677, cited by plaintiff in his brief, in point on this question. That was a case certified to the Supreme Court by the Amarillo Court of Civil Appeals, in which the sufficiency of the evidence offered on a contested plea of privilege was attacked for the reason it did not show a prima facie case of liability, more especially that there was no allegation nor evidence offered to establish the breach of the contract sued on. The question certified to the Supreme Court was in substance: Was it necessary for the plaintiff to allege in his controverting affidavit and offer proof that a breach of the contract sued on had been sustained when venue was sought to be fixed on a written instrument payable in the county where the suit was instituted and controlled by subdivision 5, article 1995, Revised Civil Statutes? The court, speaking through Justice Taylor, answered the question in the negative, and in discussing the question sheds much light on the subject in the following language:

"Distinction should be noted at the outset between a trial upon a plea of privilege and a trial upon the merits of a case. The former is to determine whether the complaining defendant is suable on the transaction involved, where plaintiff filed the suit; the latter to determine defendant's liability on the transaction. The language of article 1995 is that 'no person * * * shall be sued out of the county' of his domicile unless, etc. * * * It does not contemplate that on a hearing on plea of privilege any matters shall be tried other than such as are necessary to determine whether defendant is suable where the suit is filed. Article 2007, R.S., provides that, if plaintiff desires to resist the plea of privilege, he shall file a controverting plea under oath, setting out specifically the facts 'relied upon to confer venue of such cause on the court where the case is pending.' * * * The issue of venue, not liability, is thereby raised, when the affidavit is filed.

"The language of exception 5 makes clear that, as applied to this case, the venue issue is whether defendant 'contracted in writing to perform' the obligation in question in Dawson County. * * *

"It was not incumbent upon plaintiff to prove a breach of the contract. As stated in Davis v. Texas Life Ins. Co. (Tex.Civ. App.) 22 S.W.(2d) 960, 961: 'To hold otherwise would, in effect, defeat the very purposes of the venue statute, and practically compel the litigant to try his case upon its merits in a hearing upon a plea of privilege.' It may well be added that laxity in observance of this rule is conducive to conducting exploring expeditions on such hearings, and to efforts to elicit facts in advance of a trial on the merits, which are more properly procurable by deposition.

"The second question is answered in the negative."

This court, speaking through Justice Lattimore, in a recent case styled Hermer v. Monnig Dry Goods Co., 77 S.W.(2d) 895, had held substantially the same as the rule subsequently announced by the Supreme Court in Farmers' Seed & Gin Co. v. Brooks, supra, in this language:

"By its controverting affidavit appellee alleged that appellant had signed a written financial statement which contained an agreement that purchases made from appellee, Monnig Dry Goods Company, are at their option payable at Fort Worth, Tarrant County, Tex., and that appellee 'sold the goods at prices which are sued for' on the faith of said written promise. * * *

"Appellant assigns as error that the appellee did not prove a prima facie cause of

action against appellant. The statement is made in many of the late cases that such proof is necessary to overrule a plea of privilege. Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845. These cases upon examination all go back to such cases as Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747, in which it is held that, where the venue depends upon the nature of the cause of action that cause of action must be shown. Thus, if the venue is based on fraud, that fraud must be proven. Richardson v. D. S. Cage Co., supra. If the venue is based on a written obligation performable in a particular county, then such writing must be shown to exist. Ketner v. J. M. Radford Grocery Co. (Tex.Civ.App.) 299 S.W. 680, 681. But by the very language of the statute, article 1995, R.S., many of the exceptions to venue of defendant's residence are because of some fact not necessarily involving plaintiff's entire cause of action. We can see no reason to require a plaintiff to go beyond the facts involved in the venue question when the hearing is only on the privilege urged. Oakland Motor Car Co. v. Jones (Tex.Civ.App.) 29 S.W.(2d) 861. Thus, if the suit be one for the recovery of land, the issue on venue is, Where is the land located? We see no reason why the plaintiff should be required to make a prima facie showing of his title on the hearing of the plea of privilege."

Many other recent decisions have materially clarified the former chaotic pronouncements of our several courts on the question of the sufficiency of pleas of privilege and controverting affidavit thereto, but we consider those from which we have quoted, together with the authorities referred to therein, sufficient to justify us in overruling the defendant's assignments of error raising the question of the sufficiency of the controverting affidavit.

█ The second question or issue before us is even less difficult of determination than was the former. We cannot assent to defendant's contentions that under the Negotiable Instruments Act of this state (Vernon's Ann.Civ.St. Art. 5932 et seq.), because defendant's name does not appear signed to the instrument sued upon, no recovery can be had against him in this suit. In his replication to the controverting affidavit of plaintiff, he denied the existence of the partnership between him and Reville operating under the trade-name of United Sales Company, and offered proof thereon when the issue of venue was being tried. The trial court, by his findings of fact, resolved this issue against him for the purposes of the issue of venue. This question doubtless will again arise when the case is tried upon its merits, but we cannot assent to the broad proposition that any rule of law under the Negotiable Instruments Act of this state would hold a partner immune from liability under an obligation executed by the copartnership within the course of business transacted by the partnership simply because that partner's real name did not appear upon the obligation. In law, when the partnership's name is subscribed to the instrument with proper authority, whether the defendant's name be mentioned as such or not, he is liable thereon to the same extent as if he were specifically named in the signature.

It is said in 32 Texas Jurisprudence, § 70, at page 326: "Bills and notes, therefore, may be signed either in the name customarily used by the firm or in the several names of the partners. A note signed by a trade name binds the several persons who operate as a partnership under it, though the chosen name be that of one of the partners."

This principle was thoroughly discussed by this court in the case of Hutchison v. First National Bank of Bowie, 67 S.W.(2d) 1052, 1053 (writ dismissed), in which case suit was instituted upon a note signed "Lee Bailey," with an allegation that C. C. Hutchison and Lee Bailey were partners operating under the firm name of Lee Bailey. The jury in the case found the partnership existed and that it was doing business under the firm name "Lee Bailey," and, under a prayer seeking such relief, judgment was rendered against the two, jointly and severally. True, the question of venue was not an issue, but the liability of a member of the firm whose name did not appear on the obligation sued upon was the controverted point. This court, speaking through Associate Justice Lattimore, said in this connection: "Article 5932, § 18, Rev.Statutes, provides that where a signature to a negotiable instrument is a trade-name the parties operating under such name may be held thereto. That the trade-name is the true name of one of the partners does not remove the case from the statute. * * * The evidence in the record does substantiate the pleading that Lee Bailey and C. C. Hutchison, acting through Lee Bailey, did execute the notes sued on."

Other cases to the same effect as that from which we have last quoted are those of Person v. Katz et al. (Tex.Civ.App.) 47 S.W.(2d) 657; Bolan v. Wrather (Tex. Civ.App.) 239 S.W. 279; Nassos v. Duke (Tex.Civ.App.) 241 S.W. 547.

For the reasons herein stated, we cannot agree with the contention of defendant in his construction of the Negotiable Instruments Act as pertaining to liability of a member of a copartnership upon the note of the copartnership, even though his name as such does not appear thereon. We therefore overrule his assignments of error presenting that question and conclude that the judgment of the trial court was proper. It is therefore affirmed.

Judgment of the trial court affirmed.