**JAMES v. LAVERE.**

No. 2981.

Court of Civil Appeals of Texas. Beaumont.

June 25, 1936.

J. W. O'Neal, of Port Arthur, for appellant.

J. B. Forse, of Newton, and Grogan & Collins, of Liberty, for appellee.

WALKER, Chief Justice.

This suit was filed in district court of Newton county by appellant, L. A. James, against Eddie Odom and Carl Goff, resident citizens of Newton county, and appellee, W. H. Lavere, a resident citizen of Liberty county. For cause of action appellant alleged that he was the owner of certain personal property in Newton county of the value of $3,590, and on or about the 1st day of December, 1934, the defendants unlawfully and fraudulently took possession of his property and converted it to their own use. Appellant's prayer was for judgment for the title and possession of the property in controversy, or for its value, with general and special relief, etc. Odom and Goff answered by general demurrer and general denial. Lavere answered by plea of privilege, in statutory form, to be sued in Liberty county, the county of his residence. To the plea of privilege appellant replied by the following controverting affidavit:

"1. This is a suit wherein two of the defendants reside in Newton County, Texas, wherefore this suit may be maintained in Newton County, Texas, where two of said defendants reside.

"2. This is a suit based upon a criminal offense and trespass alleged to have been committed in Newton County and suit may be maintained in Newton County where the offense and trespass was committed."

The lower court sustained Lavere's exceptions to the controverting affidavit. Appellant reserved no exceptions to this ruling of the court, filed no amended plea, and did not ask permission to file amended plea, and offered no evidence in support of his venue in Newton county. On the record the lower court entered its order transferring this case, in so far as it affected Lavere, to Liberty county.

The order was correct. The controverting affidavit was fatally defective. It plead no facts, but only legal conclusions, and made no reference whatever to appellant's petition. The order of the court did not sustain a general demurrer to the controverting affidavit, but only "the defendant's exception." If it be conceded that the controverting affidavit was before the court for any purpose, then appellant rested under the burden of offering proof in support of his venue, which he did not do; on that theory the judgment below was correct.

Again, if "the defendant's exception" took the controverting affidavit out of the case, it was the duty of appellant to except to the ruling of the court as a predicate for review, which he did not do; on that theory the judgment of the lower court was correct.

It follows that the judgment appealed from should be in all things affirmed, and it is accordingly so ordered.