**C. F. LYTLE CO. v. PRESTON et al.**

No. 14581.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 19, 1943.

Malone, Lipscomb, White & Seay, of Dallas, for appellant.

L. A. Hagans, of Denison, for appellees.

SPEER, Justice.

This is an appeal based on a judgment overruling the plea of privilege involving venue.

Barton A. Preston and A. W. Preston, to whom we shall refer as plaintiffs, sued C. F. Lytle Company, a corporation, which we shall call defendant, for damages growing out of an automobile collision in Grayson County.

By proper plea, defendant claimed its privilege to have the venue of the case placed in Limestone County, the place of its domicile. The plea contains all necessary requisites provided under Rule 86, Rules of Civil Procedure.

Plaintiffs timely filed a controverting affidavit, in which all of the allegations made in the plea are denied, seriatim. After these denials, this is said: "Plaintiffs filed herein, on the 19th day of March, 1943, a petition which reads as follows:" Then follows a copy of plaintiffs' petition. Following copy of the petition, the controverting affidavit states: "Such allegations show and aver; and it is a fact that the defendant, within the meaning of exception number nine (9) to article 1995 of Vernon's Ann.Civ.St., committed a trespass in Grayson County, Texas, upon the property of plaintiffs. Such allegations show and aver and it is a fact plaintiffs' cause of action arose in Grayson County, Texas, within the meaning of exception number twenty-seven (27) to article 1995, Vernon's Ann. Civ.St., and that defendant is a foreign corporation."

Trial was had to the court and testimony was offered. The plea of privilege was overruled and defendant has appealed. By appropriate points of error the nature of the controverting affidavit and the sufficiency of the proof offered are assailed as being insufficient to support the judgment overruling the plea.

Plaintiffs have filed no briefs and we do not have the benefit of their views on the points before us.

Article 1995, R.C.S., provides that no person who is an inhabitant of this State shall be sued out of the county of his domicile, except in the following cases: Then follow about 30 or more exceptions to the announced rule. It is so universally held that the right of a litigant to be sued in the county of his domicile is a valuable one, and cannot be taken away except upon a strict compliance with law, that citing authorities to that effect would seem useless.

Of course, a defendant's privilege to be sued, if at all, in the county of his domicile may be waived by him. He may claim that privilege by filing his plea to that effect, as provided by Rule 86, R.C.P.; and by the same rule a plaintiff may controvert the plea by a pleading under oath, setting out specifically the grounds relied upon to

confer venue on the court where the cause is pending. A separate hearing is provided for the purpose of determining the venue question. If no controverting plea is filed, the plea of privilege affirmatively entitles the defendant to have the cause transferred to the county of his domicile. Sims v. Trinity Farm Const. Co., Tex.Civ.App., 28 S.W.2d 856. Upon such hearing the merits of plaintiff's cause of action are not determined, but only the question of venue is before the court and the plea of privilege and the controverting affidavit constitute the pleadings for that issue, with the burden of proof placed upon the plaintiff to establish by competent testimony the issue of venue. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Grayson v. Cate, Tex.Civ.App., 95 S.W.2d 194; Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391; Fielder v. Parker, Tex.Civ.App., 119 S.W.2d 1089; Sheppard v. Zapp, Tex.Civ.App., 120 S.W.2d 898.

■ It is imperative under the rules of procedure that the controverting affidavit set out facts, and not legal conclusions, relied upon to confer venue upon the court where suit is pending. A plaintiff need not necessarily replead his case in the body of the controverting plea, but may, by apt reference to his petition, make it a part of the controverting plea, and in either event the controverting plea must be sworn to. It must unmistakably appear that the one who swore to the controverting plea verified the whole instrument, and if the original petition becomes a part of the controverting plea by reference thereto or adoption by the pleader, the affiant must likewise definitely swear to the truth of the facts alleged therein. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619.

■ It will be observed that in the instant case, no language was used in the controverting affidavit which could be construed to mean that the plaintiffs sought to adopt their petition as a part of their controverting plea. They simply alleged that they had filed a petition in the cause and then copied it in the plea. We construe this to have been done for the purpose of enabling the court upon trial of the venue issue to know the kind of suit plaintiff had filed with a view to bringing the venue under one of the exceptions to Art. 1995, R.C.S. Without such allegations the court will look to the pleadings, to ascertain the nature of the cause pleaded. Oil and Products, etc., v. State, Tex. Civ.App., 118 S.W.2d 618.

In the case of A. H. Belo Corp. v. Blanton, supra, the controverting plea referred to the petition filed in the cause, "for the purpose of showing that this is a libel suit", and it was said by the Supreme Court that "it does not appear that it was the purpose in referring to such petition, as was done, to unreservedly swear to the allegations contained therein."

Without the provisions of the petition being considered as a part of the controverting affidavit, there are no specific facts pleaded therein which, if relied upon, would constitute a ground of venue in Grayson County, where suit was pending. Such allegations as are left in the controverting affidavit are mere legal conclusions of the pleader which will not meet the requirement of the statute that specific facts relied upon must be pleaded. A. H. Belo Corp. v. Blanton, supra; and James v. Lavere, Tex.Civ.App., 95 S.W.2d 1371.

■ Attached to the controverting plea was the following affidavit: "The State of Texas, County of Grayson: Before me, the undersigned authority, on this day personally appeared L. A. Hagans, attorney for Barton A. Preston and A. W. Preston, plaintiffs in the above entitled and numbered cause, relying upon the facts as presented to him by plaintiffs and by personal investigation as attorney for plaintiffs, who being by me duly sworn, says that the above controverting plea is true in substance, and in fact." Signed and sworn to before a notary public. In this affidavit it will be observed that affiant based his affidavit, in part at least, upon "the facts as presented to him by plaintiffs". We may not know to what extent the affidavit was based upon these representations by plaintiffs, which no doubt prompted the affiant to believe them to be true. As indicated by our Supreme Court in the Belo-Blanton case, supra, it must be made to appear that the petition was unmistakably made a part of the controverting affidavit and that affiant swore to the material facts embodied in the entire petition. The affidavit purporting to verify the controverting plea must be direct and unequivocal as to the facts sworn to. It must be sufficiently definite that, if untrue, the affiant would be subject to prosecution for perjury. 2 Tex.Jur. 360, sect. 21; American Mort. Corp. v. Smith, Tex. Civ.App., 35 S.W.2d 1092; Uvalde Const.

Co. v. Waggoner, Tex.Civ.App., 159 S.W. 2d 203.

As has been pointed out above, the language used in the controverting plea did not purport to adopt the petition as a part of the controverting plea, but merely alleged that plaintiffs had so pleaded. This being true, the affiant who purportedly swore to the plea did no more than to swear that plaintiffs had pleaded in the pending cause the petition set out. We do not construe the affidavit attached as being a verification of the facts pleaded in the petition. Without the petition, no specific facts conferring venue were pleaded in the controverting affidavit, fixing venue in Grayson County.

If we are wrong in concluding that the controverting affidavit and the verification thereof are insufficient to support a judgment overruling the plea of privilege, on testimony based upon the pleading, introduced over the objection of defendant for lack of pleadings, then we think such testimony as was adduced fails to support a finding on the issue that either the cause of action or a part thereof arose in Grayson County, or that a trespass was committed by defendant on plaintiffs' property in that county. The testimony as disclosed by the statement of facts shows no more than that the collision out of which the suit grew occurred at the junction of named streets in Denison. No attempt was made to show that Denison is in Grayson County. Venue is fixed with reference to the county in which the offending collision took place, and not the city, town or village. It was incumbent upon plaintiffs to prove that the accident took place in Grayson County, and this is not shown by proof that it occurred at Denison. Denison is not a county seat of any county in this State, and therefore we may not take judicial knowledge of its location. 17 Tex.Jur. 185, sect. 17, and cases cited in foot notes; also Ross Bros. Horse & Mule Co. v. First Nat. Bank of Coolidge, Tex.Civ.App., 158 S.W. 2d 819.

For the reasons pointed out, we think there was error in the judgment overruling the plea of privilege, and the points urged thereto are sustained. The case will be reversed and judgment entered sustaining the plea and ordering the case transferred to Limestone County for trial.

Reversed and rendered.