**SPENCER et al. v. GRAY.**

**No. 14924.**

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 27, 1948.

Rehearing Denied March 26, 1948.

J. Walter Friberg and C. Coit Mock, both of Wichita Falls, for appellants.

H. M. Muse, of Wichita Falls, and Donald & Donald, of Bowie, for appellee.

HALL, Justice.

Appellants, Margaret Spencer et vir., filed a damage suit in a district court of Wichita County, Texas, against appellee, William A. Gray, of Montague County, Texas, seeking recovery for damages growing out of an automobile collision in Wichita County between appellants' car and that of appellee. Appellants filed their controverting plea to the appellee's plea of privilege. The court sustained appellee's exceptions to the controverting plea and ordered the case transferred to the District Court of Montague County, Texas.

Appellants file this appeal complaining of such order. Appellee's exceptions, which were sustained by the court, are substantially as follows: (1) Because appellants' controverting plea did not adopt their original petition; (2) Because such controverting plea did not allege a cause of action showing a trespass within the meaning of exception 9, Art. 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, subd. 9; (3) That even though appellants

copied their petition in said controverting plea they did not adopt the same and therefore such controverting plea did not contain any sworn allegations of trespass on the part of appellee; and (4) "For the reason that the oath attached to the same is insufficient, in that the same does not show that the allegations with reference to trespass on the part of the defendant are sworn to as being true and correct, as the only allegations with reference to trespass are in the petition which was copied but not adopted, and such petition was not sworn to, and there being no allegations of fact concerning trespass in the Controverting Plea, the oath does not cover any allegations of fact with reference to trespass."

Appellants' only point of error complains of the court in sustaining appellee's exceptions to their controverting plea because the same complies with Rule 86, Texas Rules of Civil Procedure, and is in all things proper. In appellants' controverting plea is inserted the following: "Plaintiffs filed herein their original petition prior to the filing of this plea of privilege, such petition reading as follows: * * *." After the original petition had been copied into the controverting plea, said controverting plea continued to read as follows: "The allegations of such petition are true and correct. Such allegations show and aver and it is a fact that the Defendant committed within the meaning of Article 1995 and particularly within the meaning of exception 9 thereof, Vernon's Annotated Civil Statutes, a trespass on the plaintiff's person and property and such offense was committed in Wichita County, Texas and that this cause of action is a suit based upon a criminal offense or trespass which occurred in said County of Wichita, Texas."

The affidavit attached to the controverting plea is as follows:

"State of Texas
"County of Wichita .

"Before me, the undersigned authority, on this day personally appeared Margaret Spencer and B. E. Spencer, who on their oath state that they are the Plaintiffs in the above entitled and numbered cause and that the allegations and facts set out in the foregoing controverting plea are true and correct.

"MARGARET SPENCER
"Margaret Spencer

"B. E. SPENCER
"B. E. Spencer

"Sworn To and Subscribed before me by the said Margaret Spencer and B. E. Spencer this 25th day of August, 1947, to certify which witness my hand and seal of office.

"T. E. HILL
"T. E. Hill
 "Notary Public,
 "Wichita County, Texas"
"(SEAL)

 The general rule is that the controverting plea shall either unmistakably allege that the party who swore to such plea made the petition a part thereof and adopted all of the allegations in the petition and thereby swore to the essential facts embodied in the entire petition or to completely replead his cause of action in order to show maintenance of the suit in the county where it is filed. While appellants did not see fit to make their petition a part of their controverting plea, yet they replead the facts stated in the petition by copying the same in their controverting affidavit. This alone would not be sufficient to maintain venue as against a plea of privilege and if this were all that appellants pleaded in their controverting affidavit, the court's ruling sustaining the exceptions thereto would be correct; but we find appellants pleading further and stating that such allegations as copied from their original petition are true and correct, as quoted supra. We think this together with the affidavit of the appellants wherein they aver under oath that the allegations and facts set out in the controverting plea are true and correct is sufficient. In other words, they say in the body of their controverting plea that the allegations are true and correct as set forth therein and then in their affidavit they swear that such statement, to-wit: "that the allegations of such petition are true and correct" is a true and correct statement. Some of the later cases which appellee relies upon are as follows.

to-wit: Fair et al. v. Mayfield Feed & Grain Co., Tex.Civ.App., 203 S.W.2d 801; C. F. Lytle Co. v. Preston et al., Tex.Civ.App., 175 S.W.2d 440; and Uvalde Const. Co. v. Waggoner, Tex.Civ.App., 159 S.W.2d 203. None of the controverting pleas in these cases had the allegations, to-wit: "The allegations of said petition are true and correct" after copying the petition in same. While paragraph numbered 13 in the Lytle case, supra, is somewhat in conflict with the holding in the case of Lusk v. Onstott, Tex.Civ.App., 161 S.W.2d 819, yet it was reversed for several reasons; first, because the affiant [Tex.Civ.App., 175 S.W.2d 442] "based his affidavit, in part at least, upon 'the facts as presented to him by plaintiffs'", in other words upon hearsay; while swearing to such hearsay fact a person could not be subjected to prosecution for perjury; second, the testimony failed to show that the accident occurred in Grayson County; and third, the testimony failed to indicate that a trespass had been committed in Grayson County.

In the case of Fair v. Mayfield Feed & Grain Co. [Tex.Civ.App., 203 S.W.2d 804], supra, paragraph 3 of the controverting affidavit recites as follows: "And in connection with this its controverting plea, Plaintiff specially pleads his original petition in this cause as showing the nature of its cause of action and prays that said petition be made and considered a part hereof for all pertinent purposes." As stated further: "* * * Appellee did not see fit to make its petition a part of the controverting plea but it prayed in effect that the court make it a part thereof and consider it. * * * The affiant who swore to the controverting plea swore only to 'the allegations and statements contained in the foregoing controverted pleas,' which did not include nor adopt the allegations of the petition. * * *" Such pleadings in the controverting affidavit were therefore held to be insufficient.

In the Waggoner case [Tex.Civ.App., 159 S.W.2d 204], supra, the plaintiff filed a controverting affidavit and the defendant filed what he endorsed as "a plea in abatement in aid of the plea of privilege" and the case went off on the fact that "we think those parts of the instrument relied upon as a plea of privilege were not sworn to at all, but the affidavit applied only to that part of the instrument designated as 'a plea in abatement in aid of the plea of privilege'. * * * we have for consideration a plea of privilege which is not sworn to. In such a condition it is ineffective." For such and other reasons the court held that there was no error shown in the judgment overruling the plea of privilege and the plea in abatement in aid thereof.

■ We also overrule appellee's contention that the controverting plea does not contain any allegations of fact showing any trespass within the meaning of exception 9, Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 9. Said controverting affidavit recites, among other things, the following:

"(a) Defendant herein was operating his automobile at a rate of speed in excess of sixty (60) miles per hour upon a public highway of the State of Texas.

"(b) That the defendant herein was operating his automobile at an excessive rate of speed under all the surrounding facts and circumstances.

* * * * * *

"(g) That the defendant herein was driving his said automobile upon a public highway while under the influence of intoxicating liquor.

"(h) That defendant was negligent in driving around a curve at an excessive rate of speed.

"That the above acts of negligence and each of them were and are the proximate cause of plaintiffs' damages."

Such pleadings recite active trespasses.

The order appealed from is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.