**BLACK v. BLACK et al.**

No. 11873.

Court of Civil Appeals of Texas. Dallas.
April 20, 1935.

Rehearing Denied May 11, 1935.

M. S. Church and Prentice Wilson, both of Dallas, for appellant.

Wm. M. Cramer, of Dallas, and G. W. Dunaway, of Midland, for appellees.

BOND, Justice.

This is an appeal from an order of a district court of Dallas county sustaining separate pleas of privilege presented by W. A. Black, G. A. Black, and B. F. Black, and ordering the case transferred to the district court of Midland county, Tex., the county where these defendants reside. The pleas of privilege are in statutory form challenging in detail the venue of Dallas county on the personal pleas of privilege "to be sued in the county of one's residence" and reciting that such defendants reside in Midland county and that "No exception to exclusive venue in the county of one's residence provided by law exists in said cause." The plaintiff filed controverting affidavits, setting out specifically that the suit is one for partition of land; that two of the defendants in the suit, Penn Oil Company and California Company, reside in Dallas county, thus under subdivision 13, article 1995, R. S. 1925, Dallas county has venue of the suit. There is no specific challenge made as to the venue of the case not being in Midland county, except as it may be inferred by the filing of such pleas and affidavits.

Article 1995, subd. 13, provides: "Partition.—Suits for the partition of land or other property may be brought in the county where such land or other property, or a part thereof, may be, or in the county in which one or more of the defendants reside, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same. Nothing herein shall be construed to fix venue of a suit to recover the title to land."

Article 1995, subd. 14, provides: "Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

The crucial question for the court to decide is: Is the suit one for partition of land, or is it one for the recovery of land? If the primary purpose of the suit is one for the recovery of land, then under subdivision 14, art. 1995, supra, and within the meaning of the last clause of subdivision 13 of article 1995, supra, the suit must be brought in the county in which the land or a part thereof may lie, and, if the suit,

the primary purpose of which is for partition of land, under subdivision 13, art. 1995, supra, it may be brought in the county where such land or a part thereof may be or in the county in which one or more of the defendants reside who may assert an adverse claim to or interest in such property, or seek to recover the title to the same.

On the trial of the case, the uncontroverted testimony showed that the defendants W. A. Black, G. A. Black and B. F. Black each reside in Midland county, Tex.; that the defendants Penn Oil Company and California Company are foreign corporations, but with permits to do business and doing business in the state of Texas and with their Texas offices in Dallas county; that the property involved in the suit is an oil and gas lease (usual $7/8$ working interest lease) on land located wholly in Ward county, Tex.; that the California Company owns an undivided $1/16$ of $7/8$ of the oil produced from each well on the lease, or a $1/8$ of the $7/8$ of the oil produced therefrom under certain contingencies; that the Penn Oil Company owns the undivided remainder in the lease, less $3/4$ thereof assigned by written conveyance to W. A. Black & Sons, a partnership composed of W. A. Black, G. A. Black, and B. F. Black. W. A. Black & Sons are in possession of and claiming title to this interest adversely to the appellant. The contest centers on an interest in a portion of the lease assigned to Black & Sons.

The testimony further shows that the appellant claims an undivided $1/8$ interest in that portion of the lease assigned to Black & Sons, basing the claim upon an expressed agreement of W. A. Black and one of his sons that they would assign to him the interest in consideration of $2,-500. Appellant testifying, in substance, that he advanced to Black & Sons the $2,500 with which to drill oil wells on the lease, and that the defendant W. A. Black agreed, at some future date, to execute a proper assignment to the appellant for the $1/8$ undivided interest; that when the wells had been drilled to producing oil sand, Black & Sons then refused to execute the assignment, and that W. A. Black denied to appellant that he had any interest in the lease. So, the refusal of Black & Sons to execute the assignment and the denial of ownership by W. A. Black that appellant had an interest in the lease, resulted in the bringing of this suit

to establish appellant's claim thereto. Appellant's testimony was sharply controverted by appellee's; W. A. Black testifying that no such agreement as claimed by appellant was made; that the $2,500 advanced was applied to a pre-existing debt due by appellant to him, and that appellant has no legal or equitable interest in the lease.

█ The trial court determined the issue arising from the pleadings and evidence as presenting primarily a suit for the recovery of an interest in land, and incidentally for a partition and accounting. We are in accord with the holdings of the trial court.

The primary purpose of the suit thus being for the recovery of land, within the meaning of subdivision 14 of article 1995, and within the meaning of the last clause of subdivision 13 of article 1995, supra, viz., "Nothing herein shall be construed to fix venue of a suit to recover the title to land," the proper venue of the suit is in the county where the land lies, and not in the county where one or more of the defendants may reside. The land being located in Ward county, the filing of the pleas of privilege in statutory form calling in question that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause"; and the filing of the controverting affidavit and the admitted evidence presents, we think, the issue, not only as to the venue of the suit not being in Dallas county, but also as to the proper county having venue and jurisdiction of the parties and the cause.

█ Under the statute as it now exists, a plea of privilege, when filed, is prima facie proof of defendants' right to a change of venue, and on the filing of a controverting affidavit, the burden is upon the plaintiff to overcome this presumption, and where the proof shows as in this case, the proper county having jurisdiction and venue of the parties and the cause, it becomes the duty of the court to enter an order sustaining the plea and directing the transfer to the proper county. The law itself directs the judgment the court must enter: article 2019, R. S., provides: "If a plea of privilege is sustained, the cause shall not be dismissed, but the court shall transfer said cause to the court having jurisdiction of the person of the defendant therein; and the costs incurred prior to the time such suit is filed in the court to which said cause is transferred shall

be taxed against the plaintiff." Article 2020 provides: "When a plea of privilege is sustained; the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause. The clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court, and send it with the original papers in the cause to the clerk of the court to which the venue has been changed."

■ In construing these articles, along with article 2007 and article 2008 the Commission of Appeals, in the case of Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S.W.(2d) 113, 116, the opinion adopted by the Supreme Court, said: "When we come to examine articles 2019 and 2020 of the 1925 codification, which relate to the same subject-matter as articles 2007 and 2008 we find that while article 2019 provides that when a plea of privilege is sustained, the cause shall not be dismissed but shall be transferred to the court having jurisdiction of the person of the defendant, still article 2020 provides that the court shall order the venue changed to the proper court of the county having jurisdiction of the parties and the cause. We think this article can be construed to mean that the court ordering the change of venue is not confined to changing it to a county where a defendant resides, but can change it to any county having venue and jurisdiction of the parties and the cause." In the instant case, Midland county has jurisdiction of the parties, as the defendants reside there, but the exception to the venue statute (subdivision 14, art. 1995), which deprives Dallas county of the venue of the suit, also applies to Midland county. So if the venue of the suit is challenged because of the exception to the venue statute, that it involves title to land and must be brought in the county where the land lies, and by force of the exception the venue is changed, the order directing the transfer should be to the county having the venue as directed by the statute. In other words, appellees challenged the venue of Dallas county because Ward county was the proper county having venue of the suit, and the trial court in effect, determining that Ward county was the proper county to have venue of the suit by virtue of the exception, thus deprived Dallas county of the venue; therefore the transfer should have been made to Ward county, the land being in Ward county.

From what has been stated above, it is evident that we hold that the proper venue of this suit lies in Ward county, and since the trial judge correctly sustained the pleas of privilege, he should not have transferred the case to Midland county, but should have transferred the case to Ward county, the proper county under the pleadings and proof; therefore, the judgment of the trial court is reformed, directing the case to be transferred to Ward county, Tex., and, as reformed, is affirmed.

Reformed, and as reformed, affirmed.