**LANGLOIS et ux. v. JEFFERIES.**

No. 13381.

Court of Civil Appeals of Texas. Fort Worth.

May 15, 1936.

Rehearing Denied June 19, 1936.

Julien C. Hyer and A. W. Christian, both of Fort Worth, for appellants.

Wynne & Wynne, of Wills Point, for appellee.

BROWN, Justice.

Appellants brought suit against appellee, alleging, in substance, that they entered into a contract whereby they put up with appellee a certain sum of money for appellee to use in purchasing and selling oil leases, and appellee agreed to give appellants an undivided one-third interest in the properties and profits acquired. They spe-cifically alleged that they did not know the description of all the properties acquired, but alleged that they did know the description of one lease situated in Winkler county, Tex., and that appellee fails and refuses to account to them for their interest in all of the properties and profits acquired. They alleged that unless restrained appellee will dispose of all the properties and place them in the hands of innocent purchasers. They further prayed for the appointment of a receiver to take charge of the properties until the suit was finally disposed of.

In the prayer appellants ask for the appointment of a receiver for the properties; that appellee be enjoined from disposing of the properties until the suit is determined on its merits; that appellee be required to file in court a full and complete list of all the properties acquired by him and an itemized statement of all profits realized by him; and prayed that an accounting be had from appellee, and for a judgment and decree of the court establishing a trust in favor of appellants as to the properties acquired, and prayed for a partition of the properties according to the respective interests; and that if it be not susceptible of partition in kind, that same be ordered sold and the proceeds properly divided.

Appellee was sued as a resident citizen of Tarrant county.

Appellee filed a plea of privilege in statutory form (Vernon's Ann.Civ.St. art. 2007), and to this appellants addressed a controverting plea in which they alleged that appellee maintained a residence in Tarrant county as well as a residence in Winkler county, and that he does not have an exclusive residence in Winkler county.

Upon a hearing, the plea of privilege was sustained and the suit ordered transferred to Winkler county. The appeal is from this order.

The trial court filed findings of fact and conclusions of law, finding that appellee has and maintains one residence in Fort Worth, Tarrant county, Tex., and was at the time of the trial a resident of said county, and found the existence of the contract sued upon. The court concluded that on account of the residence of appellee in Tarrant county, appellants would be entitled as against appellee's plea of privilege to maintain the suit in Tarrant county, but that, having concluded that appellants' suit was for the recovery of an interest in lands, a part of which was in Winkler county, Tex.,

the suit should be brought in said Winkler county.

It will be noted that appellee filed nothing but a formal plea of privilege, based upon his supposed exclusive residence in Winkler county.

■ The case of Funk et al. v. Walker et al. (Tex.Civ.App.) 241 S.W. 720, which originated in the district court of Tarrant county, and cases which have subsequently followed, definitely establish the rule that where a citizen maintains residences in two separate counties, he may be sued in either county. We are of the opinion that appellee's plea of privilege is not sufficient to cause a change of venue. It is uncontroverted that the district court of Tarrant county had not only jurisdiction over appellee but venue of the suit, unless the mere formal plea of privilege under the undisputed facts warranted the trial court in changing the venue.

The trial court has unduly restricted the allegations of appellants' petition when he concludes that the petition only shows a suit for the recovery of an interest in lands, and this is obviously the conclusion arrived at by the court, since he gives this as his sole reason for changing the venue.

Appellee is a resident citizen of Tarrant county, and as such he was properly sued there. Appellants were asking that a receiver be appointed over all of the properties wherever situated within the state of Texas which had been acquired by appellee and in which they claimed some interest; they were asking that he be enjoined from disposing of the properties pending a hearing on the merits; that he be required to file a complete list of all properties and profits acquired, and that an accounting be had, and that a trust be established in their favor, and that a partition be had; and that they recover their portion of the profits and of all the properties. Such a suit can be properly brought against appellee in Tarrant county where he maintains a residence. Suppose, for instance, upon a final hearing it develops that appellee does not hold or own any present interest in any lease or lands situated in Texas, but that he acquired a number of such in which appellants are entitled to their lawful portion, and has sold same and realized a profit therefrom. Could it be said for one moment

that the district court of Tarrant county, thus having jurisdiction because of the residence of appellee, is not the proper court to render judgment against him for appellants? We think not.

This is not simply a suit for the recovery of an interest in certain lands, and the trial court erred in so restricting the purposes of the suit.

■ Furthermore, the Supreme Court has adhered strictly to the rule that the requirement of the statute (Vernon's Ann.Civ.St. art. 1995, subd. 14) that suits for the recovery of lands should be brought in the county where the land, or a part thereof, is situated, "is not a matter that affects the jurisdiction of the district courts over the subject-matter of controversies about the title or possession of lands. Every district court in the state has cognizance of such suits. The requirement as to the county in which the suit may be brought is a mere personal privilege granted to the parties, which may be waived *like any other privilege of this character.*" (Italics ours.) Bonner v. Hearne, 75 Tex. 242, 12 S.W. 38, 40; De La Vega v. League, 64 Tex. 205.

In Moody v. First National Bank of Athens (Tex.Civ.App.) 51 S.W. 523, Mr. Justice Fly, in discussing a situation in which the question of mere personal privilege to be sued in one's home county and that of the situation of the lands involved, arose, made it plain that both grounds could be presented in the same plea; but it appears equally as plain that both grounds *must be presented.* This, to us, is sound.

Appellee does not seek, by any affirmative plea, to remove the cause to Winkler county, because a part of the lands, involved in the suit, lies within such county. Here he relies solely upon his exclusive residence in Winkler county, which plea is not well taken because he maintains two bona fide residences—one in Tarrant, the other in Winkler, county.

We decline to stretch his simple personal privilege plea so as to give him the benefit of some other personal privilege not mentioned in his plea.

The judgment of the trial court sustaining the plea of privilege is reversed, and it is the order of this court that the trial judge proceed in due course with the trial of the cause on its merits.