T. J. JEFFERIES v. HONORABLE IRBY DUNKLIN ET AL.

No. 7156. Decided April 13, 1938.
(115 S. W., 2d Series, 391.)

*Wynne & Wynne,* of Wills Point, for relator.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an original mandamus proceeding filed directly in this Court by T. J. Jefferies against the Justices of the Court of Civil Appeals at Fort Worth, Texas. The petition in this Court also includes all other necessary parties. The purpose of this proceeding is to compel the Court of Civil Appeals to certify to this Court a question of law. As grounds for such relief, it is alleged that the Court of Civil Appeals has ruled in conflict with the ruling of this Court, and the ruling of several other Courts of Civil Appeals, on a question of law. The mandamus is sought under the provisions of Article 1855, R. C. S. 1925.

We refer to the ópinion of the Court of Civil Appeals for a full statement of this case. Langlois v. Jefferies, 95 S. W. (2d) 465. In order, however, that this opinion may be reasonably complete within itself, we make the following abridged statement:'

J. J. Langlois and his wife sued T. J. Jefferies in the District Court of Tarrant County. By their petition the plaintiffs allege that they furnished the defendant certain moneys, in consideration of which the defendant agreed that the plaintiffs should have a one-third interest in all profits on all deals made by him

and in all interests acquired by him. It is alleged that the defendant, acting under such contract, and with the capital furnished by the plaintiffs, has acquired properties in the counties of Winkler, Gregg, Rusk, and other counties in Texas. It is then alleged that plaintiffs do not know the description of any of the properties acquired by the defendant, except that among such properties is an oil lease and an oil well in Winkler County, Texas. This property is properly described. The petition then alleges that unless restrained the defendant will sell and dispose of the above properties to innocent purchasers. Finally, the petition alleges that a necessity for the appointment of a receiver exists. The prayer is for an injunction; for the appointment of a receiver; for an accounting; for judgment fixing plaintiffs' interests in the properties, oil lease, and oil well above mentioned; for partition of such properties; and for general and equitable relief.

The defendant, in due time, filed a plea of privilege. This plea was in form as prescribed by Article 2007, R. C. S. 1925. In this connection, this plea complies strictly with the letter of such statute.

The plaintiffs filed a controverting plea to the plea of privilege filed by the defendant. This controverting plea was sworn to. Omitting formal parts, it reads as follows:

"To the Honorable Judge of said Court:

"Now come J. J. Langlois and wife, Frieda Langlois, plaintiffs in the above entitled and numbered cause, and file this their Controverting Plea and Affidavit in reply to the Plea of Privilege heretofore filed herein by the defendant, T. J. Jefferies, and would show to the Court:

"1.
"The plaintiffs demur generally to the allegations in said Plea of Privilege and say that the same are insufficient in law and of this they pray judgment of the Court.

"2.
"The plaintiffs deny all and singular each and every allegation in said Plea of Privilege and demands strict proof thereof.

"3.
"These plaintiffs allege that at the time of the institution of this suit and at the time of service of process upon defendant herein, and at the time of the filing of the said Plea of Privilege, and at the present time, the said defendant, T. J. Jefferies, was

and is a resident of Tarrant County, Texas, the County in which this suit was instituted.

"4.

"Plaintiffs allege that if it be true as averred in the said Plea of Privilege, that at all of said times and at the present time, the defendant, T. J. Jefferies, was and is a resident of Winkler County, Texas, nevertheless, he was also at each of all of said times a resident of Tarrant County, Texas; that he also had his residence in Tarrant County, Texas, and that he did not have his exclusive residence in Winkler County, Texas.

"WHEREFORE, premises considered, plaintiffs pray that the said Plea of Privilege be overruled and that this suit be retained on the docket of this Court for adjudication."

The issue of venue alone was tried in the District Court of Tarrant County before the court, without the aid of a jury, and judgment entered ordering the venue moved to the District Court of Winkler County, Texas. The District Court filed conclusions of fact and law. These conclusions show that the venue was adjudged in Winkler County, because the land, the title to which was involved in the suit, was located in such county. In this connection, the conclusions of law show that the venue was moved to Winkler County because of the provisions of Section 14 of Article 1995, R. C. S. 1925. The conclusions of law and fact so filed by the District Court cite the case of Grogan-Cochran Lumber Co. v. McWhorter, 4 S. W. (2d) 995, rendered by the Court of Civil Appeals at Beaumont. Section 14 of Article 1995 reads as follows:

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or part thereof, may lie."

On appeal by Langlois and wife, the Court of Civil Appeals at Fort Worth reversed the judgment of the district court, and ordered that such court proceed with the trial of the case on its merits. Jefferies moved for certification to this Court, and such motion was overruled, and this proceeding followed.

1, 2  It is provided in the statute, Article 2007, supra, that "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is

pending." Under the plain terms of the above statute, the controverting plea of the plaintiffs is, and must be, a sworn pleading. Also, under the plain terms of such statutes, such controverting plea must set out specifically the fact, or facts, relied on by the plaintiff to establish venue in the court where the case is pending. In this connection, the statute unquestionably contemplates that the controverting plea constitutes the pleadings of the plaintiff on the issue of venue, and such plea must allege all the facts that are necessary to be proved to sustain the venue in the court where the suit is filed. The statute puts the burden on the plaintiff to plead in his controverting plea, and to prove, the facts which will sustain the venue in the court where the suit was filed. Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91. An examination of the controverting plea filed by the plaintiffs in this case will disclose that it neither directly nor indirectly makes the petition in such case a part thereof. Such controverting plea must therefore be tested by its own allegations, unaided in any way by the petition. Henderson Grain Co. v. Russ, 122 Texas 620, 64 S. W. (2d) 347. When we test this controverting plea by its own terms or allegations, unaided by the petition, we find that it amounts to nothing, because it fails utterly to allege a cause of action against defendant in Tarrant County. In fact, it, unaided by the petition, is meaningless as a controverting plea or pleading. Henderson Grain Co. v. Russ, supra. It must follow that the controverting plea utterly fails to set up any "fact or facts relied upon to confer venue" in Tarrant County. With the record in the condition above referred to, the opinion of the Court of Civil Appeals holds:

"Appellee does not seek, by any affirmative plea, to remove the cause to Winkler County, because a part of the lands involved in the suit lies within such county. Here he relies solely upon his exclusive residence in Winkler County, which plea is not well taken because he maintains two bona fide residences—one in Tarrant, the other in Winkler County.

"We decline to stretch his simple personal privilege plea so as to give him the benefit of some other personal privilege not mentioned in his plea."

As we interpret the above ruling, it holds, in effect, that the statutory plea of privilege provided by Article 2007, supra, is not sufficient to cover all pleas of venue to be sued in the county where venue is provided by the various provisions of Articles 1995 and 2390, R. C. S. 1925. In this connection, we interpret the above-quoted ruling to hold that a statutory plea of privilege is

not sufficient to cover the question of venue as provided by Section 14 of Article 1995, supra.

3    In the case of Shell Petroleum Corporation v. Grays, 122 Texas 491, 62 S. W. (2d) 113, we reviewed at great length the questions of personal privilege and mere venue, as defined by our venue statutes, and held:

. " * * * that when the pertinent statutes are properly construed as a whole they are intended to cover all pleas of privilege or venue to be sued in a county where venue is provided by the various provisions of Article 1995, and Article 2390, R. C. S., or any other county of venue provided by law."

*    *    *

"From the discussion indulged in it is evident that we hold that up to the 1925 codification our statutes relating to pleas of privilege and venue, and the procedure thereunder, covered all pleas of venue, and were not confined to mere pleas of personal privilege to be sued in the county of one's residence."

*    *    * .

"We think this article can be construed to mean that the court ordering the change of venue is not confined to changing it to a county where a defendant resides,. but can change it to any county having venue and jurisdiction of the parties and the cause."

The effect of our ruling, as contained in the opinion in the Shell Petroleum Corporation Case, as indicated by the above quotations therefrom, was to hold that the plea of privilege as defined and provided by Article 2007, supra, is sufficient to cover all cases of personal privilege and all cases of mere venue, as provided by the various provisions of Articles 1995 and 2390 of our civil statutes. This ruling, in effect, holds that the statutory plea of privilege prescribed by Article 2007, supra, is sufficient to cover the question of mere venue as defined by Section 14 of Article 1995, supra. It follows that under the rule as laid down by this Court in the Shell Petroleum Corporation Case the plea of privilege filed by the defendant in this case was absolutely sufficient to cover any right or question of venue under the above-mentioned statutes. It follows that the holding of the Court of Civil Appeals in this case, above quoted, is in conflict with the holding of this Court in the Shell Petroleum Corporation Case, supra.

We think further that the opinion of the Court of Civil Appeals in the case here under consideration is in conflict with the following cases of the Courts of Civil Appeals: Grogan-Cochran Lumber Co. v. McWhorter, 15 S. W. (2d) 126; Black

v. Black, 82 S. W. (2d) 1073; Republic Insurance Co. v. Walters, 88 S. W. (2d) 726; Liles et al. v. McDonald et al., 63 S. W. (2d) 886.

It is ordered that the Court of Civil Appeals shall certify to this Court the question of law indicated by the above conflict, in accordance with the provisions of Article 1855, R. C. S. 1925. In this connection, however, it is ordered that if the Court of Civil Appeals will set aside its judgment reversing the judgment of the district court, and will enter judgment affirming same, then it shall not be necessary for it to certify any question of law to this Court.

Opinion delivered April 13, 1938.