**JONES et al. v. DAVIS.**
No. 5699.

Court of Civil Appeals of Texas. Texarkana.
March 13, 1941.

Jones & Jones and C. A. Brian, all of Marshall, for appellants.

Stinchcomb, Kenley & Sharp, of Longview, for appellee.

JOHNSON, Chief Justice.

This appeal is from an order of the court overruling pleas of privilege. W. M. Davis filed suit in the District Court of Gregg County against Franklin Jones, S. P. Jones, L. J. Womack, Jr., and C. A. Brian. The defendants Jones, Jones, and Womack each filed identical pleas of privilege to be sued in Harrison County, the county of their residence. The pleas of privilege complied with the provisions of R. S. Article 2007, Vernon's Ann.Civ.St. art. 2007. In answer to the pleas of privilege plaintiff filed controverting affidavits. Omitting the formal parts, each of the controverting affidavits read as follows:

"That Plaintiff herein has filed a Petition alleging that heretofore, to-wit on February 16, 1935, W. M. Davis entered into a written agreement with S. P. Jones, Franklin Jones, and Julian Moseley, which agreement provided that on cases referred to Jones & Jones by W. M. Davis on and after November 11, 1934, the said W. M. Davis should receive as a part of the fee an undivided 29 percent. Plaintiff also alleges in his Petition that on March 11, 1936, the said W. M. Davis entered into an agreement in writing, whereby a partnership was formed between said Plaintiff and Jones & Jones, and that by the terms of its contract

same was to be wholly or partially performed in Gregg County, Texas. Plaintiff further alleged that thereafter on September 1, 1936, another written contract or partnership agreement was entered into by and between said parties, whereby Plaintiff agreed to perform and do certain things, and said contract was to be performed wholly or partially in Gregg County, Texas.

"This court has venue of this suit, because the Defendant has contracted in writing to perform an obligation in Gregg County, Texas, and falls within Exception No. 5 to Article 1995, Revised Civil Statutes of Texas [Vernon's Ann.Civ.St. art. 1995, subd. 5].

"II. The Plaintiff has filed herein a Petition naming, as Defendants, Franklin Jones, S. P. Jones, L. J. Womack, Jr., and C. A. Brian. That C. A. Brian is a necessary and proper party in this suit and a member of the law partnership of Jones & Jones, and is an indispensable party to a proceeding for an accounting, having a vested interest in the assets of said partnership, and that the said C. A. Brian was a member of said partnership during the time Plaintiff was a member of said partnership.

"This court has venue of this suit, because C. A. Brian is a resident of Gregg County, Texas, where this suit is brought, and by virtue of Exception No. 4 to Article 1995 of the Revised Civil Statutes of Texas [Vernon's Ann.Civ.St. art. 1995, subd. 4], providing that if two or more Defendants reside in different counties, suit may be brought in any county where one of the Defendants resides."

Plaintiff's petition and the contract therein referred to were not attached to or in any way made a part of the controverting affidavits. Upon a hearing the trial court sustained the controverting affidavits and overruled each of the pleas of privilege, from which order the defendants Franklin Jones, S. P. Jones, and L. J. Womack, Jr., have perfected their appeal to this court.

By proper assignments of error and propositions, the controverting affidavits are challenged as wanting in allegations of fact sufficient to sustain venue in Gregg County, under either Section 4 or Section 5 of R.C.S. Article 1995, Vernon's Ann.Civ.St. art. 1995, subds. 4, 5, as claimed in said controverting affidavits.

■ Since the controverting affidavits fail to make the petition a part of same, the sufficiency of the controverting affidavits must be tested by their own allegations, unaided by the petition. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391.

■ The conclusion stated in the controverting affidavits that the District Court of Gregg County has venue of this suit, "because the defendant has contracted in writing to perform an obligation in Gregg County, Texas, and falls within exception 5 of Article 1995, R.C.S. of Texas," and other conclusions of the affiant of like import, are held not to be sufficient in "setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending" as required by R.C.S. Article 2007.

■■ It is the duty of the court to determine whether the alleged written contract provides that it is to be performed in the county in which the suit is brought, whereby venue is conferred under exception 5 of Article 1995. "In order to perform his office of construing the instrument, the trial judge must have the instrument itself, or a statement of its specific provisions, before him, and the general conclusions of law formed by the litigant are not sufficient to enable the court to perform that office." Bender v. Kowalski, Tex.Civ. App., 13 S.W.2d 201, 202.

■ Also the conclusion of the affiant that the defendant, C. A. Brian, a resident of Gregg County, "is a necessary and proper party in this suit", by reason of which the suit falls within exception 4 of Article 1995, is insufficient because the controverting affidavit, in absence of the petition being made a part thereof, is insufficient in allegations of fact showing a cause of action against the defendant Brian or against either of the other defendants. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747.

The judgment of the trial court will be reversed and the cause remanded with instructions that the suit against the defendants Franklin Jones, S. P. Jones, and L. J. Womack, Jr., be transferred to the District Court of Harrison County.