## GODWIN v. OLIVER.

### No. 5419.

Court of Civil Appeals of Texas. Amarillo.

Dec. 1, 1941.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellant.

H. H. Cooper, of Amarillo, for appellee.

STOKES, Justice.

Appellee, G. T. Oliver, filed this suit against appellant in a district court of Potter County August 5, 1941, seeking to recover damages for breach of a rental contract and damages to his land located in Deaf Smith County occasioned by the alleged wrongful acts of appellant. He alleged that appellant owned the section of land lying immediately south of one of the sections which he rented to appellant and that there was a public road between the two sections; that the road had borrow pits on each side and that appellant constructed embankments on the north side of his own section of land in such manner

as to divert the natural flow of water and turn the same into the borrow pits of the road; that appellant failed and refused to open the borrow pits and all of the surplus water falling or flowing upon and over appellant's land was caused to flow upon appellee's section thereby causing large and deep gulleys to be washed in the same to his damage in the sum of $1,500.

The petition alleged, in substance, that appellee leased or rented to appellant a large body of agricultural land located in Deaf Smith County to be planted to wheat and that, although appellant's farming operations thereon were successful and the wheat would have produced some 35 bushels per acre, appellant failed and refused properly to harvest a large portion of the same thereby depriving appellee of more than 26,000 bushels to which he would have been entitled as rental under the lease contract to his damage in the sum of $26,588.-20.

Appellant filed a plea of privilege in the form provided by Art. 2007, R.C.S., 1925, Vernon's Ann.Civ.St. art. 2007, alleging that he was not, at the time the suit was filed, nor at the time of the service of process thereon, nor at the time of filing the plea of privilege, a resident of Potter County, the county in which the suit was filed; that the county of his residence at all such times was Deaf Smith County, and that no exception to exclusive venue in the county of one's residence provided by law existed in the cause. He prayed for removal of the cause to the proper county as therein alleged.

Appellee filed a controverting affidavit in which he alleged that appellant was a resident of Potter County and that if he had established a residence in Deaf Smith County, it was only one of two residences maintained by him, one of which was in Potter County. He further alleged that appellant was a resident of the city of Amarillo which is located partly in Potter and partly in Randall County and that, if he be mistaken in his allegation that appellant was a resident of Potter County, then his residence was located just over the county line in Randall County and that appellant was, therefore, a resident of Randall County. He prayed that the plea of privilege be denied and in the alternative that the cause of action be transferred to the district court of Randall County.

A jury was impaneled to try the issues made upon the plea of privilege and controverting affidavit and after the evidence was introduced the court, being of the opinion that it failed to make an issue of fact for submission to the jury, upon his own motion discharged the jury and entered judgment sustaining the plea of privilege but ordering the cause transferred to the district court of Randall County instead of Deaf Smith County as prayed for by appellant. Both parties excepted to the judgment, gave notice of appeal and the case is now before this court for review upon the issues made and the order of the court sustaining the plea of privilege and transferring the cause to Randall County.

Both parties assign error of the court below, appellant contending that the cause should have been transferred to Deaf Smith County and appellee contending that it should not have been transferred at all, but that the plea of privilege should have been overruled. Various propositions are presented by both appellant and appellee but we think it will be necessary to discuss and pass upon only one of them, viz., appellant's contention that the suit being in part an action to recover damages to real estate located in Deaf Smith County, the plea of privilege should have been sustained and the cause transferred to the district court of that county.

It is pertinent to observe just here that the controverting affidavit filed by appellee is not sufficient in its allegations to raise any issue upon the case made by the plea of privilege. Nowhere in the affidavit is any kind of a cause of action alleged against appellant nor is the petition made a part thereof. Appellee alleges only that (a) appellant is estopped from claiming his privilege to be sued in any county other than Potter because, when the rental contract was entered into, he represented to appellee that Potter County was the county of his residence. (b) He challenges the truth of appellant's allegations concerning his residence in Deaf Smith County; (c) that appellant maintains his place of business as an attorney at law at Amarillo, in Potter County; (d) that, if he is not a resident of Potter County, then his residence is located in Randall County, and (e) that he resides partly in both Randall and Potter Counties. Thus it will be seen that no cause of action whatever is alleged in the affidavit and, since the petition is not made a part of it, appellee has not discharged the burden resting upon him of pleading the facts which will sustain the

994

venue in the county where the suit is filed. Jefferies v. Dunklin et al., 131 Tex. 289, 115 S.W.2d 391; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347.

Waiving that feature of it, however, and considering the case as though a proper controverting affidavit had been filed, the plea of privilege, being in the form provided by Art. 2007, R.C.S., 1925, although it referred only to the residence of the appellant, was sufficient, under the holdings of our Supreme Court, to entitle him to a removal of the case to Deaf Smith County under the provisions of Sec. 14 of Art. 1995, R.C.S., which provides an exception to exclusive venue where the suit is for damages to land. In the case of Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113, the Supreme Court held that, when the venue and personal privilege statutes are properly construed as a whole, they are intended to cover all pleas of privilege or venue to be sued in the county where the venue is provided by the various provisions of Art. 1995 and Art. 2390, R.C.S., or any other county of venue provided by law. In adhering to that holding in the later case of Jefferies v. Dunklin, supra [131 Tex. 289, 115 S.W. 2d 393], the Supreme Court said:

"The effect of our ruling, as contained in the opinion in the Shell Petroleum Corporation case, as indicated by the above quotations therefrom, was to hold that the plea of privilege as defined and provided by article 2007, supra, is sufficient to cover all cases of personal privilege and all cases of mere venue, as provided by the various provisions of articles 1995 and 2390 of our civil statutes. This ruling, in effect, holds that the statutory plea of privilege prescribed by article 2007, supra, is sufficient to cover the question of mere venue as defined by section 14 of article 1995, supra. It follows that under the rule as laid down by this court in the Shell Petroleum Corporation case the plea of privilege filed by the defendant in this case was absolutely sufficient to cover any right or question of venue under the above-mentioned statutes."

Such being the holding of our court of last resort, it is the law of this state and, regardless of what we may think as to the soundness of the conclusions thus reached by that court, we must and shall, of course, follow it. Without committing the other members of this court, this writer is, however, not willing complacently to pass the matter as though he acquiesced in the soundness of such holding. The conclusion of the Supreme Court has the inevitable effect of working an anomaly into our procedural system and destroying a fundamental principle of pleading that has, from the beginning of our jurisprudence, constituted one of its salient features. It has always been the rule in Texas that, in order to prove a state of facts in the trial of a case, it is necessary first to make allegations of fact sufficient to admit the proof. Certainly it has never been the rule here, nor in any other civilized jurisdiction as far as I know, that a litigant may plead one thing and then prove and rely upon the exact opposite. The plea of privilege must, under the provisions of Art. 2007, allege that "No exception to exclusive venue in the county of one's residence provided by law exists in said cause." The exception provided by Sec. 14 of Art. 1995 is that a suit for "lands or damages thereto * * * must [when invoked] be brought in the county in which the land, or a part thereof, may lie." It should be remembered that that is one of the exceptions to exclusive venue. It, therefore, is one of the things which the defendant in his statutory plea of privilege swears does not exist; yet, under the holding of the Supreme Court, he is permitted, under his sworn plea of privilege, without invoking the exception, to prove and prevail upon the fact that it does exist. In my opinion, Justice Brown of the Court of Civil Appeals of the Second District expressed the law correctly when the Jefferies case was before that court, Langlois v. Jefferies, 95 S.W.2d 465, 466. He said:

"We decline to stretch his [the defendant's] simple personal privilege plea so as to give him the benefit of some other personal privilege not mentioned in his plea."

It is my personal opinion that, if the defendant desires to have a case removed from the court in which it is filed to another court upon the ground that it is a suit for land or damages thereto, under the provisions of exception 14 of Art. 1995, he should be required to plead it and thus inform the plaintiff of the grounds upon which he will seek to remove the case and thus give the plaintiff the same right to which he is entitled in any other case of notice in advance of what the defendant expects to prove and the facts upon which he intends to rely when the case is called

for hearing upon the plea of privilege. If he does not plead it, it seems to me that justice and fair play would require a holding that he has waived it.

■ Nevertheless, as we have said, the law governing the matter has been settled by the Supreme Court and we must hold, therefore, that the plea of privilege in this case was sufficient to raise the question of the nature of the suit. It clearly appearing from the record that it is, in part, at least, a suit to recover for damages to land, and that the land is located in Deaf Smith County, the defendant was entitled to have the cause transferred to that county, regardless of where he lived or had his residence.

The case of South Texas Development Co. v. Williams, 130 Tex. 217, 107 S.W.2d 378, was filed in Harris County where several of the defendants had their residence. Two of the defendants resided in Montgomery County where the land was located and the suit was one affecting the title to that land. All of the defendants filed pleas of privilege seeking to have the case transferred to, and tried in, the district court of Montgomery County. A general demurrer to the pleas of privilege was sustained by the trial court, presumably upon the theory that, as to the defendants residing in Harris County, they could· not insist upon the privilege of being sued outside of the county of their residence. The Supreme Court held in that case that, while Sec. 14 of Art. 1995 is not jurisdictional in the sense that it may not be waived, yet it is mandatory in the sense that, when any one necessary defendant objects in proper time and manner to a trial of the case in any county other than that in which the land is situated, the cause must be transferred to that County. See also Black v. Black et al., Tex.Civ.App., 82 S.W.2d 1073, and other cases cited by the court in the Williams case.

The case of Black v. Black et al., supra, was filed in Dallas County where two of the defendants resided. Those residing in Midland County filed a plea of privilege and asked that the case be transferred to that county, the county of their residence, and, although the land involved was located in Ward County, the trial court granted the plea and entered an order removing the cause to the district court of Midland County. In construing Sec. 14 of Art. 1995, the Court of Civil Appeals of the Fifth Dis-

trict reviewed some of the cases we have mentioned, particularly the case of Shell Petroleum Corporation v. Grays, and held that the trial court was correct in sustaining the plea of privilege, but that, inasmuch as the land involved was located in Ward County, under the provisions of Art. 2020, R.C.S., the case should have been transferred to the district court of that county, and reformed the judgment below in that respect although, apparently, none of the parties to the cause prayed that it be transferred to that county.

■ Appellant contends that the court erred in transferring the case to Randall County because it was shown by the testimony that he was a resident of Deaf Smith County and also that the land was located in that county. Appellee contends that the court erred in transferring the case at all for the reason that the testimony showed the defendant was a resident of Potter County, the county in which the suit was filed. Since, as we have said, the suit is one for damages to land located in Deaf Smith County and the venue of the district court of Potter County was challenged by the plea of privilege, it became the duty of the court below to transfer the case to Deaf Smith County regardless of where the appellant lived or maintained his place of residence. In our opinion, the testimony was wholly insufficient to establish appellant's residence in Deaf Smith County but the suit was, in part, to recover for damages to land located in that county, City of Corpus Christi v. McMurrey, Tex.Civ.App., 90 S.W.2d 868, and under the rule well established in this state by the Supreme Court and Courts of Civil Appeals in the cases above cited, and many others, Sec. 14 of Art. 1995 takes precedence over the permissive subdivisions of the statute even though it is not jurisdictional in its nature but pertains to the matter of venue only. Norvell v. Stovall et al., Tex.Civ.App., 95 S.W.2d 1313.

■ From what we have said it is apparent that, in our opinion, the court below was correct in sustaining the plea of privilege, but erred in transferring the case to Randall County. The judgment will, therefore, be reversed and judgment here rendered directing the clerk below to transfer the case and its record, as provided by law, to the district court of Deaf Smith County.