**ROBINSON v. GLASSE et al.**

**No. 11715.**

Court of Civil Appeals of Texas. Galveston.

May 31, 1945.

Hollis Massey, of Columbus, for appellant.

MONTEITH, Chief Justice.

This is an appeal from an order overruling a plea of privilege in an action brought by appellee, K. P. (Pat) Glasse, as next friend for Charles Kenneth Glasse, on a promissory note for the sum of $225.30, alleged to have been executed by appellant, Alex Robinson, and appellee, L. S. Jones, Jr., and payable to appellee Glasse at Hous-

ton, Texas. Appellant, Alex Robinson, was alleged to reside in Colorado County, Texas, and L. S. Jones, Jr., was alleged to reside in Harris County, Texas, where the suit was filed.

Appellee Jones answered by an unverified answer, including a general denial. Appellant filed his plea of privilege to have said suit tried in Colorado County, the county of his residence. As a part of his plea of privilege he alleged that the note upon which appellee Glasse's suit was founded had not been executed by him or under his authority, and that he had received no consideration for such instrument.

In due time appellee Glasse filed a controverting affidavit, in which he claimed venue of the suit in Harris County under Subdivisions 4 and 5 of Article 1995, Vernon's Annotated Civil Statutes. Omitting the formal parts of his controverting affidavit, appellee Glasse alleged that:

"I. As stated and set forth in plaintiff's petition, said cause is based on a contract in writing whereby defendant has contracted to perform an obligation in Houston, Texas, namely, the payment of the principal and interest per terms of the note declared upon herein, said place of Houston, Texas, being a definite place in Harris County; and as set forth in Article 1995, Section 5, Revised Civil Statutes of the State of Texas, suit upon said obligation may be brought against defendant in Harris County, the County in which the obligation claimed herein is to be performed.

"II. As stated and set forth in plaintiff's petition, said cause of action is based on a contract in writing whereby defendant Alex Robinson and defendant L. S. Jones, Jr., contracted to perform an obligation in Houston, Texas, namely the payment of the principal and interest in accordance with the terms of the note declared upon herein, said note being dated at Houston, Texas, and payable at Houston, Texas, and the defendant, L. S. Jones, Jr., being a resident of Houston, Harris County, Texas; and as set forth in Article 1995, Section 4, of the Revised Civil Statutes of the State of Texas, suit upon said obligation may be brought against defendant in Harris County, Texas, the county where one of the defendants resides, to-wit: L. S. Jones, Jr.,"

Plaintiff's petition was neither attached to nor in any way made a part of appellee Glasse's controverting affidavit.

Upon a hearing upon appellant's plea of privilege and appellee's controverting affidavit, the trial court sustained appellee's controverting affidavit and overruled appellant's plea of privilege, from which order appellant has perfected his appeal to this court.

Neither appellees Glasse nor L. S. Jones, Jr., have filed briefs or made any other appearance in this court.

At the hearing on appellant's plea of privilege and appellee's controverting affidavit, appellee introduced in evidence the note on which the suit was founded. It purported to have been executed by L. S. Jones, Jr., and Alex Robinson, and was payable in Houston, Texas. It was secured by a chattel mortgage on the automobile purchased by Alex Robinson from A. D. Nolan. Alex Robinson was the only witness who testified at the hearing. He testified that he did not sign the note sued on and that he did not authorize any one to sign it for him.

The applicable parts of Article 1995, Vernon's Annotated Civil Statutes, provide that:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *.

"4. Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *

"5. Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The applicable part of Rule 86, Texas Rules of Civil Procedure, which has as its source and repeals Article 2007, Vernon's Annotated Civil Statutes, reads:

"If the plaintiff desires to controvert the plea of privilege, he shall within ten days after appearance day * * * file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

It is the settled law in this state that, when plaintiff relies on subdivision 4

of said Article 1995 to maintain a suit against two or more defendants residing in different counties in a county where one of the defendants resides, it is incumbent upon him to allege a cause of action against both defendants and to prove the allegations of his petition to the extent of showing a bona fide cause of action against the resident defendant. It is not incumbent under said subdivision 4 of the Venue Act, in order to overcome the effect of a plea of privilege, to prove a cause of action against the non-resident defendant, since the statutory hearing upon the issues made by the plea of privilege and the controverting affidavit is intended to be a trial of the question of venue and not of the merits of the case. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, and authorities there cited; Lanham v. Lanham, Tex.Civ. App., 175 S.W.2d 286.

When appellee Glasse introduced in evidence the note on which the suit was founded, he made out a prima facie case in his favor against appellee L. S. Jones, Jr., who did not allege by verified plea or attempt to prove the non-existence of a consideration for said note. Haynes v. Eanes, Tex.Civ.App., 152 S.W.2d 799; Brown v. Wier, Tex.Civ.App., 293 S.W. 916.

Appellant complains for the first time on this appeal of the insufficiency of appellee Glasse's controverting affidavit for the alleged reason that he did not plead therein facts constituting his cause of action.

It is the settled law in this state that said Rule 86, Texas Rules of Civil Procedure, formerly said Article 2007, contemplates that a controverting affidavit shall constitute the pleadings of the plaintiff on the issue of venue and that such plea must allege specifically the facts that are necessary to establish venue in the court where the case is pending (Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Jefferies v. Dunklin, Justice, et al., 131 Tex. 289, 115 S.W.2d 391), and that the plaintiff's petition cannot be considered in aid of the controverting affidavit unless it or the allegations therein necessary to establish venue are adopted or so incorporated by reference in the affidavit

as to show that plaintiff intended to unreservedly swear to all of such facts contained in the petition. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; Saladiner v. Polanco, Tex.Civ.App., 147 S.W.2d 265; Jones v. Davis, Tex.Civ.App., 149 S.W.2d 165; Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391; A. H. Belo Corporation v. Blanton, 113 Tex. 391, 129 S.W. 2d 619; C. F. Lytle Co. v. Preston, et al., Tex.Civ.App., 175 S.W.2d 440, and authorities there cited.

While the controverting plea filed by plaintiff in this case neither directly nor indirectly makes the petition in the case a part thereof, appellant did not, prior to the judgment complained of, by motion, exception, or otherwise attempt to secure the action of the trial court upon the alleged defect in appellee's controverting affidavit either as to form or substance.

Rule 90, Texas Rules of Civil Procedure, reads:

"General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered."

By his failure to call the trial court's attention to the alleged defect in appellee's controverting affidavit before the rendition of judgment overruling said plea of privilege, appellant clearly waived his right on appeal to question the sufficiency of said affidavit under said Rule 90, Texas Rules of Civil Procedure. Texas Osage Co-operation Royalty Pool, et al. v. Kemper, Tex.Civ.App., 170 S.W.2d 849 (writ refused); Litterst v. Edmonds, Tex.Civ. App., 176 S.W.2d 342.

It follows that the judgment of the trial court must be affirmed.

Affirmed.