### FAIR et al. v. MAYFIELD FEED & GRAIN CO.
### No. 5798.

Court of Civil Appeals of Texas. Amarillo.
June 23, 1947.

Bonney, Paxton & Wade, of Dallas, and King Fike, of Dalhart, for appellants.

Richards & Richards, of Dalhart, for appellee.

## PITTS, Chief Justice.

This is a venue suit in which appellee, Mayfield Feed and Grain Company, a corporation, sued appellants, F. M. Fair, doing business as the Fair Brokerage Company, a resident of Dallas County, and Morris Reingold, doing business as the Industrial Brokerage Company, a resident of Harris County, for damages alleged to have been suffered through the failure of appellants to deliver two carloads of wire to appellee and contending that appellants had contracted with appellee in writing to deliver the said wire to appellee.

Each appellant by a proper plea claimed its privilege to be sued in the county of his residence. Appellee filed a controverting affidavit seeking to maintain venue in Dallam County under the provisions of Subdivision No. 5 of Article 1995, Vernon's Annotated Civil Statutes, contending that the transactions between the parties were in writing and constituted a written contract performable in Dallam County. Appellants attacked the controverting plea by special exceptions all of which were overruled by the trial court and the hearing proceeded before the court without a jury.

At the conclusion of the hearing the pleas of privilege were overruled and appellants perfected an appeal to this Court.

Appellants complain that the trial court errred in holding that the pleadings in appellee's controverting affidavit were sufficient to support its order overruling the pleas of privilege. Appellee contends that its controverting plea meets the requirements of the provisions of Rule 86, Texas Rules ·of Civil Procedure, the source of which rule is Article 2007, as amended, Vernon's Annotated Civil Statutes.

Rule 86 requires the pleader among other things to "file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending." Article 2007 makes the same requirement with the use of the words "fact or facts" in lieu of the word "grounds" used in Rule 86 but the meaning is the same.

There seems to have been some confusion in attempting to construe the rule governing the sufficiency of the pleadings to establish venue in such cases until the Supreme Court construed the rule in the case of Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391 and again in the case of A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619. In the latter case the court first observes that the purpose of our venue statute is to give a person that has been sued the right to defend the suit in the county of his residence except under well defined exceptions. It further observes that the burden rests upon the plaintiff to clearly plead and prove that the case comes within the exception before a defendant can be deprived of the right of trial in the county of his domicile and that when a defendant has filed a plea of privilege, it shall be prima facie proof of his right to a change of venue. The court holds that in order to overcome defendant's prima facie proof of his right to a change of venue plaintiff must allege "either in the controverting affidavit or by a specific reference to and adoption of allegations in his, petition, sufficient facts as venue facts upon which the alleged cause of action is sought to be maintained." The rule requires and the court holds that the controverting affi-

davit to a plea of privilege must be verified and the court holds that it is "necessary for the controverting plea to unmistakably allege that the party who swore to such plea made the petition a part thereof, and thereby swore to the essential facts embodied in the entire petition."

The court held in the case of Jefferies v. Dunklin, supra, that in a case such as this, "Such controverting plea must therefore be tested by its own allegations, unaided in any way by the petition. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347." [131 Tex. 289, 115 S.W. 2d 393.] It is our opinion that this case is controlled by the rule as the same is construed by the Supreme Court in the two cases hereinabove cited.

Omitting the formal parts, the pertinent parts of appellee's controverting affidavit are as follows, to wit:

"2. * * * That this is a suit based upon and growing out of a written contract, such contract being composed and made up of letters, telegrams, confirmations, invoices, etc., all as set forth in Plaintiff's original petition and that said contract was and is performable in Dallam County, Texas, and that the venue of this cause is controlled by Subdivision No. 5 of Article 1995, Revised Statutes of the State of Texas.

"3. And in connection with this its controverting plea, Plaintiff specially pleads his original petition in this cause as showing the nature of its cause of action and prays that said petition be made and considered a part hereof for all pertinent purposes. : * * *

" * * * That I am the attorney of record for the Plaintiff in the above entitled and numbered cause, and that the allegations and statements contained in the foregoing controverting plea are true in substance and in fact.

"/s/ Floyd H. Richards"

In paragraph 2 of appellee's controverting plea appellee's petition is referred to but not made a part of the plea. Appellee pleads that the contract is "composed and made up of letters, telegrams, confirmations, invoices, etc., all as set forth in Plaintiff's original petition," thus claiming venue in Dallam County by reference only to such instruments but the terms of the contract or the grounds upon which appellee relies to sustain venue are not pleaded as provided for in the rule as the same has been construed by the Supreme Court.

In paragraph 3 of appellee's controverting plea appellee says, "Plaintiff specially pleads his original petition in this case as showing the nature of its cause of action and prays that said petition be made and considered a part hereof for all pertinent purposes." Under the rule as construed by the Supreme Court appellee's controverting plea must "be tested by its own allegations unaided in any way by the petition." The court likewise held that it is the duty of appellee to clearly plead his case and to make the petition a part of the controverting plea or replead the facts therein contained in the controverting plea before its contents can be considered as a part of it. It is not sufficient to plead the original petition for the purpose of "showing the nature of its cause of action" or for any other limited purpose and then pray that the "petition be made and considered a part hereof for all pertinent purposes" when appellee has not clearly made the petition a part of the plea nor adopted the allegations therein contained as a part of the plea. Appellee did not see fit to make its petition a part of the controverting plea but it prayed in effect that the court make it a part thereof and consider it.

.The affidavit purporting to verify the controverting plea must be direct and unequivocal as to the facts sworn to and must include the petition or the facts therein alleged. It must be sufficiently definite that, if untrue, the affiant would be subject to prosecution for perjury. C. F. Lytle Co. v. Preston, Tex.Civ.App., 175 S.W.2d 440; American Mortg. Corporation v. Smith, Tex.Civ.App., 35 S.W.2d 1092; Uvalde Const. Co. v. Waggoner, Tex.Civ. App., 159 S.W.2d 203; 2 Tex.Jur. 360, Sec. 21.

The affiant who swore to the controverting plea swore only to "the allegations and statements contained in the foregoing controverted plea," which did not

include nor adopt the allegations of the petition. Yet the Supreme Court holds that "it was necessary for the controverting plea to unmistakably allege that the party who swore to such plea made the petition a part thereof and thereby swore to the essential facts embodied in the entire petition." It is our opinion that there is no verification by affiant of the facts pleaded in appellee's petition. It is our opinion further that appellee's pleading "that this is a suit based upon and growing out of a written contract, such contract being composed and made up of letters, telegrams, confirmations, invoices, etc., all as set forth in plaintiff's original petition and that said contract was and is performable in Dallam County, Texas," is a mere conclusion of the pleader and does not state facts or grounds such as are required to confer venue of the cause on the court where the cause is pending. We therefore conclude that appellee's controverting plea is insufficient to fix or confer venue in Dallam County. In addition to the authorities already cited, our views are further supported by Saladiner v. Polanco, Tex.Civ.App., 147 S.W.2d 265; Jones v. Davis, Tex.Civ. App., 149 S.W.2d 165; C. F. Lytle Co. v. Preston, supra, and other authorities cited by these cases.

The trial court made no findings but it is presumed that it sustained the contentions of appellee that venue was controlled by Subdivision 5 of Article 1995 and that there was a contract in writing performable in Dallam County and for these reasons held that the law and facts were against appellants and the pleas of privilege were overruled. Appellants contend that under the record and under the admissions of appellee's agent who handled the transactions for appellee the contract was not performable in Dallam County and therefore it was not breached in Dallam County and the court in Dallam County does not have venue of the suit.

Both parties admit that an agreement made as a result of a series of transactions by the parties evidenced by telegrams, letters, and telephone conversations, constitute a contract in writing that binds the parties thereto. In this case the wire in question was ordered through a telephone conversation subject to a confirmation later by both Fair and appellee and each confirmed the order soon thereafter by mail. C. U. Nixon, who testified that he was manager of appellee's wholesale hardware department, confirmed the order for appellee and appellant Fair himself confirmed the order and Fair stated in his confirmation that a sight draft would be attached to bill of lading for payment. The confirmations reveal that the wire was to be sent in two separate shipments of six hundred rolls each, both shipments to be made from Pittsburg, Pa., one shipment to be sent to Dumas, Texas, and the other to Dalhart, Texas. Appellant Fair's confirmation shows both shipments to be made "Price F.O.B. Pittsburg" and C. U. Nixon testified for appellee that he made the order and that the shipments "were to be sent F.O.B. Pittsburg" and that they were not to be made "F.O.B. Dalhart." Nixon further testified that appellee was "to pay the freight from Pittsburg to destination."

■ It has been held in the case of National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, and many other cases, that the exceptions to Article 1995 must be strictly construed and clearly established before a citizen can be deprived of his right under that Article to be sued in the county of his domicile.

■ It appears from the record that appellee has failed to prove performance of the contract in Dallam County but on the contrary it appears from the record that the contract was not performable in Dallam County and was not therefore breached in Dallam County, consequently venue could not be established in Dallam County. The record reveals and it is admitted by appellee's agent, C. U. Nixon, who handled the transactions for appellee, that the shipments were to be made F.O.B. Pittsburg, Pa., and that appellee was to pay the freight on the shipments. The writings relied on to establish the contract did not bind the shippers or appellants to deliver the goods to Dalhart in Dallam County or to Dumas but bound them only to deliver the goods to a common carrier F.O.B. Pittsburg, Pa., and appellee's agent, C. U. Nixon, who handled the transactions for

**806**

appellee, so understood such to be the terms of the contract under the terms of the contract title to the goods to be shipped would have vested in appellee upon delivery of the same to the common carrier F.O.B. Pittsburg, Pa., and not at Dalhart, Dallam County. Appellee would have looked to the common carrier for any damages done to the goods in transit. The proposal by appellant Fair in his confirmation to draw a draft on appellee in Dalhart and attach it to the bill of lading when the shipment was made was not a promise to do anything in Dallam County that would establish venue there and it has been so held by the courts since the suit is not one on the proposed draft but one for breach of contract to deliver goods F.O.B. Pittsburg, Pa. Border-Milling Co. v. Bednarz & Billimek, Tex.Civ.App., 254 S.W. 587; Southwestern Grain & Seed Co. v. Blumberg, Tex.Civ.App., 162 S.W. 1; J. J. B. McCullar Lumber Co. v. Higginbotham Bros. & Co., Tex.Civ.App., 118 S.W. 885; Gottlieb v. Ainsworth, Tex.Civ.App., 229 S.W. 341; Marcus v. Armer, Tex.Civ.App., 253 S.W. 588; Ferguson Seed Farms v. Ash, Tex. Civ.App., 275 S.W. 161; Gugenheim v. Anheuser-Busch, Tex.Civ.App., 198 S.W.2d 950.

Appellant Fair resides in Dallas County and his place of business is located there. Appellant Reingold resides in Harris County and his place of business is located there. Appellee has sued them jointly and severally but there is no allegation in the petition or controverting plea attempting to show that either is a necessary party in order to obtain judgment against the other or that either is a necessary party to the suit and there is no proof attempting to establish such.

Subdivision 29a of Article 1995 provides that when there are defendants residing in different counties a suit lawfully maintained against one of the parties may also be maintained against the other provided he is a necessary party to the suit. It has been held by our courts many times that a necessary party to a judicial proceeding is one so vitally interested in the matter that a valid judgment or decree cannot be rendered without his presence as a party. Adams v. Bankers' Life Co., Tex. Com. App., 36 S.W.2d 182. As against a plea of privilege a person who is not a necessary party may not be sued away from the county of his residence unless some other exception to the general venue statute is applicable. It is our opinion that neither appellant is a necessary party to this suit.

Appellee alleged that appellant Fair did not disclose to appellee that he (Fair) was acting as agent for appellant Reingold during the negotiations that resulted in a contract of sale of the wire in question and that such was not known to appellee until some three weeks later when Fair wrote appellee a letter divulging such information. Yet the record reveals and appellee admits that Fair's confirmation in writing to appellee shows the wire "sold for account of Morris Reingold and Associates, 402 Land and Trust Building, Houston, Texas." In its pleadings appellee sued Reingold as a result of the acts of his agent, Fair, and so alleges. It has been held, with a few exceptions, that an agent is not personally liable for his acts as such on behalf of his principal but, be that as it may, it is our opinion for the reasons stated above that the trial court erred in overruling the pleas of privilege.

Judgment of the trial court is therefore reversed and the cause remanded with instructions to the trial court to sustain the pleas of privilege and to transfer the suit against F. M. Fair, doing business as Fair Brokerage Company, to the District Court of Dallas County and to transfer the suit against Morris Reingold, doing business as Industrial Brokerage Company, to the District Court of Harris County.