## REPUBLIC BANKERS LIFE INSURANCE CO., Appellant,

v.

## Diana M. HUBBARD, Appellee.

### No. 7773.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 22, 1968.

Shipp & Crooks and Stanley S. Crooks, Dallas, for appellant.

Winston Brummett, Lubbock, for appellee.

CHAPMAN, Justice.

This is a venue case.

Diana M. Hubbard sued Republic Bankers Life Insurance Co., a corporation domiciled in Dallas County, Texas upon a policy of insurance.

A plea of privilege was filed by the insurance company. alleging no exception existed to exclusive venue in the county of its residence. The plea was in due time controverted, alleging Sec. 28 of Art. 1995 as the exception to exclusive venue. After a hearing before the court the plea was overruled. The case is before us upon one point, which asserts that "* * * necessary venue facts under Art. 1995, Sec. 28 were not pleaded nor proved by Mrs. Hubbard".

We overrule the point.

Appellant's argument both in its point and the body of its brief appears to be that

appellee neither pleaded nor proved which category of insurance under Sec. 28 of Art. 1995 appellee's case and the subject policy issued by appellant falls under.

"Venue facts are what must be proved to make applicable some exception to Art. 1995. They are defined and can be found only in the subdivision of that article which declares the exception." National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021.

By reference to provisions applicable here, Subdivision 28 provided: "Insurance. —* * * Suits on policies may be brought against any * * * health and accident * * * insurance company in the county * * * where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

The pleading upon which appellant went to trial alleged in effect that on or about August 23, 1964, in consideration of the payment of moneys in the nature of premiums, the insurance company issued a policy of insurance by the terms of which it obligated itself to pay to plaintiff a sum of money not exceeding $1,000.00 for any loss to her resulting from "accidental bodily injury or sickness"; that she resided in Lubbock County, Texas; that on or about April 1, 1966, she sustained accidental injuries requiring the services and attention of a doctor and facilities of the Methodist Hospital in Lubbock and for both of which charges were made totalling $777.50.

The copy of the insurance policy was introduced in evidence after due proof of the purchase of the policy and that all premiums had been paid to that date. The petition was made a part of the controverting affidavit and by reference it was incorporated therein in haec verba. The policy of insurance upon which the suit is based was attached to such affidavit and made an exhibit thereto. Additionally, the controverting plea affirmed that " * * * by the terms of said policy of insurance [the company] did bind and obligate itself to pay unto plaintiff a sum of money not exceeding

$1,000.00 for any loss to her resulting from accidental bodily injury or sickness".

The attorney of record swore upon oath as part of the controverting plea that each and every statement, allegation and denial thereof is true and correct and the exhibit [naming the policy constituting such exhibit] is a true and correct copy of the policy of insurance theretofore issued by the company and upon which plaintiff's suit is based. (All bracket designations herein are ours.)

■ We hold the use of the term "accidental bodily injury or sickness" is sufficient definition within the purview of Sec. 28, when taken in connection with the other part of the record, to constitute pleading that the policy sued upon is a health and accident policy. The petition and controverting affidavit also show the suit was upon an insurance policy, that appellee was the policyholder, and that the loss occurred in Lubbock County, her place of residence. Her oral testimony makes proof of the purchase of the policy named in the petition and controverting affidavit. The policy was introduced in evidence and it shows to be insurance against Accidental Bodily Injury or Sickness, a health and accident policy.

The Supreme Court in Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391 said the controverting affidavit neither directly nor indirectly made the petition therein a part thereof and then held such plea must therefore be tested by its own allegations, thus indicating that if the petition in the affidavit had been made a part thereof by reference it would have constituted part of the controverting plea.

"Statements in a pleading may be adopted by reference * * * in another pleading", Rule 58, Vernon's Ann.Tex.Rules, but even tested by its own allegations the controverting affidavit appears sufficient. Accordingly, the judgment of the trial court is in all things affirmed.